MAISON BLANCHE CO. LTD., v. PUTFARK

(December 10, 1928.  Opinion and Decree.)
(January 7, 1929.  Rehearing Refused.)

L. Wertheimer, of New Orleans, attorney for plaintiff, appellant.

A. M. Curtis, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff alleges that it sold certain merchandise to defendant aggregating in value $225.00, in payment of which defendant executed a promissory note, dated the day of the purchase, May 1, 1926; that there was paid on account of said note $112.50, leaving a balance of $112.50, for which a judgment was asked. Defendant, in his answer admitted his signature to the note and averred that the consideration therefor was a certain Radiola, purchased by him, which proved unsatisfactory. In other words, there was a failure of consideration.

Upon the trial of the case, plaintiff offered the note sued on in evidence, together with the affidavit attached to his petition, and the citation in the case showing personal service, and rested. Whereupon defendant rested, thus closing the case.

Defendant successfully contended in the lower court that plaintiff had failed to make out its case, the judgment being one of non-suit. Plaintiff has appealed.

It is argued that there is insufficient proof in the record to justify a judgment

for plaintiff upon the ground that where the existence of any consideration is challenged by a defendant, sued upon a promissory note, the burden is upon the plaintiff to establish the presence of consideration.

We are referred to the case of Freil vs. Murchison, Adm. et al., 3 La. App. 559. In that case it was held that while the execution of a note or check creates a presumption of just and valid consideration and places the burden upon the debtor, pleading want of consideration, to establish it, that "when the existence of the consideration is expressly put at issue and doubt or suspicion is cast upon its reality, the burden of proving the consideration is shifted to the payee."

In the cited case, the defense was the illegality of the consideration, alleging that the note was given for a gambling debt, as consideration contra bonos mores. Moreover, in the case at bar, there can be no question of the reality of the consideration, a legitimate sale and delivery of merchandise. Partial payments were made upon the note subsequent to its execution and it was reduced in principal to the extent of one-half, a recognition of reality whatever may be said of subsequent failure. We think the case is within the rule requiring a defendant, making a special defense, to establish it. The burden of proof in this case rests upon the defendant to show, if he can, the failure of consideration of the note sued on. The plaintiff having made a prima facie case, and there being no countervailing proof in the record, there must be judgment as prayed for.

For the reasons assigned, the judgment appealed from must be reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Maison Blanche Company, Ltd., and against the defendant, Fred Putfark, in the sum of $112.50, with interest thereon at the rate of 5 per cent per annum from August 30, 1928, until paid, together with 10 per cent of said amount as attorneys' fees and for all costs.