**26 So.2d 695**

## LANDRY v. GUIDRY.

### No. 37812.

May 27, 1946.

Gerald Netter and Melvin P. Barre, both of New Orleans, for plaintiff and appellant.

Porteous & Johnson and Clarence F. Favret, all of New Orleans, for defendant and appellee.

ROGERS, Justice.

This is a suit to recover the balance allegedly due on a promissory note executed by Mr. and Mrs. R. J. Guidry. The note, dated January 1, 1931, and payable on December 31, 1931, is for $1,980 with eight per cent per annum interest from date until paid and ten per cent on principal and interest as attorney's fees.

R. J. Guidry died on January 23, 1941, and by authentic act executed on February 17, 1941, his heirs with the exception of

Edwin J. Guidry, a brother, renounced his succession. Among the heirs renouncing the succession was Mrs. Josephine Guidry Landry, a sister of R. J. Guidry and the wife of Silvere Landry, the plaintiff in this suit. By the authentic act in which his co-heirs renounced the succession of R. J. Guidry, Edwin J. Guidry accepted the succession and assumed such obligations of the decedent and his divorced wife, Elvina Guillory Guidry, as might be legally enforcible. The suit was brought against Edwin J. Guidry on the theory that under the terms of the authentic act he assumed all the obligations of R. J. Guidry including the note sued on.

Plaintiff in his petition listed certain payments which he alleges were made on account of the principal of the note from November 26, 1931, through December 1, 1939. Defendant filed a plea of prescription of five years which was referred to the merits. Defendant then answered the petition renewing the plea of prescription and pleading in the alternative that the note sued on had been paid in full from the proceeds of an insurance policy issued on July 27, 1934, on the life of R. J. Guidry in which "Silvere Landry,—Sister" was named as the beneficiary. After hearing the parties the trial judge, for reasons orally assigned, rendered a judgment in favor of defendant and against plaintiff dismissing the suit. Plaintiff is appealing.

On the reverse of the note appears endorsements purporting to show three payments on account of the note. One payment of $150 allegedly was made on November 26, 1931, before the maturity of the note on December 31, 1931. Two payments of $100 each allegedly were made on November 28, 1935, and November 2, 1936, after the maturity of the note and within the prescriptive period. It is on these last two alleged payments plaintiff relies to defeat the plea of prescription. The note being prescribed on its face, the burden of proving that the prescription had been interrupted by these payments is on plaintiff, and the proof must be clear, specific and positive. Union National Bank v. Evans, 43 La.Ann. 372, 9 So. 44; Waterman **v.** Dupeire, 180 La. 320, 156 So. 405.

The testimony of plaintiff concerning the alleged payments on account of the note is confused, uncertain and inconsistent and discloses that he had no personal knowledge of the facts of which he was attempting to testify. He is possessed of only a meager education and did not attend to his business affairs but delegated all such matters to his wife.

Mrs. Landry, plaintiff's wife and his only witness, testified that the payment of $100 on November 28, 1935, was made by the check of R. J. Guidry and credited by her on the principal of the note without any direction or instruction from Guidry. Opposed to the testimony of Mrs. Landry is the testimony of the defendant, Edwin J. Guidry, that immediately after the death of R. J. Guidry, at the request of his sister,

Mrs. Silvere Landry, plaintiff's wife, he went to Eunice, Louisiana, and took charge of the affairs of the decedent. Being aware of the existence of the note sued on, he examined the records and effects of the decedent to obtain evidence of a payment having been made on the note but was unable to find any such evidence. In the presence of the attorney of the decedent and his secretary he examined the check books, stubs and cancelled checks of R. J. Guidry, running from January 31, 1935, to the end of the year and failed to find anything to corroborate the testimony of Mrs. Landry. The check books and a complete set of all the checks issued by the decedent, R. J. Guidry, maker of the note, as well as a complete set of the check stubs, covering the year 1935, are filed in the record and there is no evidence at all that such a check as testified to by Mrs. Landry had been issued on November 28, 1935, or on any other date during that year.

With reference to the alleged payment on November 2, 1936, the record discloses that on that date Mrs. Landry, not Mr. Landry, received a Western Union money order for $100. The money order was endorsed by Mrs. Landry, the payee, and by E. J. Guidry, the defendant. It was received by Mrs. Landry while her brother, E. J. Guidry, was visiting her at her home and she requested that he cash the order, which he did, and for that reason his endorsement appears on the document. Silvere Landry, the plaintiff, was confined to a hospital at Houston, Texas, and he and his wife being in need of money, Mrs. Landry asked her brother, R. J. Guidry, for $100, which he sent her by means of the Western Union money order issued in New Orleans on November 2, 1936. Whether the money was sent by R. J. Guidry to his sister, Mrs. Landry, to help meet the necessities brought about by the illness of Mr. Landry, or for what other account, is not made clear. It appears to be clear, however, that the $100 sent on November 2, 1936, by R. J. Guidry to Mrs. Landry, who was not the holder of the note sued on, was unaccompanied by any direction or understanding that it was to be applied as a payment on the note. At the time the note sued on was executed by R. J. Guidry, he received from Silvere Landry $224 additional for which a note signed by Sosthene B. Ardoin, a stepson of Guidry, was given to Landry. The name of R. J. Guidry, who actually received the money from Landry, also appears on this note, but whether as a witness, or as a co-maker, or as a solidary obligor does not clearly appear. Therefore, on November 28, 1935, and November 2, 1936, there were two obligations held by Silvere Landry for which R. J. Guidry was responsible.

The record also discloses that during the years 1935 and 1936, R. J. Guidry operated under the name of Silvere Landry, the plaintiff, a grocery and restaurant in the Town of Eunice, Louisi-

ana. It appears that some time prior to the year 1935, R. J. Guidry was having a controversy over alimony with his first wife, whom he had divorced and for that reason desired to operate his business in the name of Silvere Landry. Mr. Landry at first objected to this but later agreed to permit Guidry to conduct his business in the name of Silvere Landry who thereafter, to all intents and purposes, appeared to be the owner and proprietor of the business. It is not clear what arrangement, if any, was made as to the compensation Landry was to receive for the use of his name in the business conducted by R. J. Guidry, but that he was to receive some compensation or advantage therefor appears from the testimony of Mrs. Landry that they expected to receive something from her brother for permitting him to do business in her husband's name. It is suggested by counsel for defendant that when Mrs. Landry, in November, 1936, asked her brother, R. J. Guidry, for $100 because she and her husband needed the money that the money was sent her as compensation for permitting Guidry to operate his business in Landry's name and not as a payment on the note sued on. Be that as it may, so far as the $100 sent by Guidry on November 2, 1936, is concerned the record is barren of any clear, specific and positive proof that this money was intended to be applied as a payment on the note sued on. It was unaccompanied by any direction or understanding that the payment was made on ac-

count of this particular note. It is fundamental that in order to interrupt prescription an acknowledgment or payment by the debtor or by one authorized by him must be clear, direct and absolute. They can not rest upon mere surmise or conjecture.

R. J. Guidry, the maker of the note, is dead and the court is deprived of the benefit of his testimony concerning the alleged payment of $100 on account of the note on November 26, 1935, and on November 2, 1936. The proof to establish the alleged payments, the effect of which would be to interrupt the running of prescription, which would have accrued in only two months after November 2, 1936, must be strong and convincing. There is no satisfactory proof of the alleged payment on November 26, 1935, on account of the note sued on. Nor is there anything in the record to clearly and absolutely show that the $100 received by Mrs. Landry from R. J. Guidry on November 2, 1936, was intended by Guidry to be a payment on account of the note. In this connection it may be observed the record discloses that in the year 1934, R. J. Guidry took out a life insurance policy for $2,000 in favor of Silvere Landry and his wife for the purpose of protecting his obligation on the note. Guidry died without leaving any protection by life insurance to either his surviving widow or his divorced wife or to any of his relatives. The entire proceeds of the policy were paid to Silvere Landry and his wife and as a result of such payment plaintiff has ac-

tually received a sum sufficient to satisfy the note herein sued on.

Plaintiff argues that even if the running of prescription were not interrupted by the alleged payments of November 26, 1935, and November 2, 1936, nevertheless the defendant, E. J. Guidry, is bound on the note by reason of his acceptance of the succession of R. J. Guidry and his assumption of all of the obligations and liabilities thereof.

The authentic act of February 17, 1941, on which plaintiff relies in support of his argument, is simply an instrument under which the heirs of R. J. Guidry renounced the succession and E. J. Guidry, the defendant, accepted the succession and assumed such obligations of the decedent as might be legally enforcible against him. Under the terms of the authentic act, E. J. Guidry merely guaranteed Mrs. Elvina Guillory, the divorced wife by first marriage of R. J. Guidry, who was also a co-maker of the note sued on, that he would assume such obligations as she might have under the note. The mere acknowledgment on the part of the maker or his heir that a third person is the holder of the note does not constitute an admission that the note is valid or enforcible; there must be an acknowledgment of the creditor's right. Civ.Code, art. 3520. An admission by an alleged debtor that a third person holds a note against him is not of itself an admission that he justly owes to such persons the amount of the note. Elliott v. Brown, 13 La.Ann. 579.

The mere acknowledgment of a debt is not sufficient to renounce an acquired prescription. There must be a new promise to pay the debt to nullify accrued prescription. Burdin v. Burdin, 171 La. 7, 129 So. 651. There is nothing in the authentic act executed by the defendant, E. J. Guidry, to indicate a promise on his part to pay the note sued on or to renounce the prescription acquired by R. J. Guidry, the decedent, against the note.

For the reasons assigned, the judgment appealed from is affirmed.