53 So.2d 901

Succession of AURIANNE.

No. 39986.

May 28, 1951.

Rehearing Denied June 29, 1951.

Dart, Guidry & Price, New Orleans, for opponents-appellants.

James G. Schillin, Fishman, Reuter, Rosenson & D'Aquin, Warren M. Simon, New Orleans, for receivers, Canal Bank & Trust Co. in Liquidation, appellees.

Guste, Barnett & Redmann, Morris B. Redmann, New Orleans, for executor-accountant, appellee.

HAWTHORNE, Justice.

The testamentary executor of the succession of Miss Augustine Aurianne placed Mrs. Clara Geiser, sister of the testatrix, on

a provisional account filed by him as an ordinary creditor in the sum of $10,950. This was done by virtue of the following provision contained in the will of the deceased: "My sister, Mrs. Clara Geiser, 8126 Apricot St., holds my promissory note in the principal amount of Fifteen Thousand and 00/100 ($15,000.00) Dollars which note has long since prescribed. However, I recognize that I am indebted to her in the sum of Ten Thousand Nine Hundred & Fifty Dollar ($10,950.00) having paid her Homesteads unavailingly, during the year 1930–33 from Lawrence, Kans. & in New Orleans at her insistence, the sum of Four Thousand & Fifty Dollars ($4050.00). The difference between $15,000.00 and this sum is to be paid out of my Estate. * * *"

Mrs. Geiser filed opposition to this account, praying that she be allowed interest in addition to the amount which the executor proposed to pay, in accordance with two promissory notes executed by the deceased and payable to the opponent, one dated July 12, 1928, for $12,500 with 7 per cent per annum interest from date until paid, and the other dated November 13, 1928, for $2,500 bearing 8 per cent per annum interest from date until paid, both being due one year after date.

Although the testatrix in her will mentioned only one promissory note in the principal sum of $15,000, Mrs. Geiser, her sister, actually held two notes executed by the decedent, the aggregate principal amount of which was $15,000, and these two notes clearly evidenced the indebtedness of $15,000 to which she had reference in her will. The $4,500 mentioned represented payments made by the testatrix to homestead associations for the account of her sister on the latter's indebtedness to the associations secured by mortgages on certain property owned by her.

The district judge dismissed the opposition, approved and homologated the account, and ordered the funds distributed in accordance therewith. From this judgment the opponents (heirs of Mrs. Geiser, now deceased) have appealed to this court.

The two notes executed by the deceased have long since prescribed. The only question presented is what effect the declaration in decedent's will, quoted hereinabove, had on the interest of the indebtedness that had prescribed; that is, whether the opponents would be entitled to the amount of interest as stipulated in the notes, which is computed to be approximately $14,000, in addition to the sum which the executor proposes to pay, or a total amount in excess of $24,000.

The opponents contend that they are entitled to interest on the theory that the testatrix by the provision in her will renounced the prescription accrued against the debt, and that she thus necessarily renounced the prescription accrued against the interest also because the interest is but an accessory of the debt.

One of the ways in which an obligation is extinguished is by prescription. La.Civ.Code, Art. 2130. In Article 3459 it

is provided that the prescription by which debts are released is a peremptory and perpetual bar to every species of action, real or personal, when the creditor has been silent a certain time without urging his claim. When the action is barred by prescription, a natural obligation still subsists, although the civil obligation is extinguished. Art. 1758. Prescription not yet acquired cannot be renounced, but it is lawful to renounce prescription when once acquired, and such renunciation may be either express or tacit. A tacit renunciation results from a fact which gives a presumption of the relinquishment of the right acquired by prescription. Arts. 3460, 3461.

■ It is settled by the jurisprudence of this court that a mere acknowledgment of a debt by the debtor will not operate as a renunciation of an acquired prescription, and that the debtor may even acknowledge the debt and pay part of it without renouncing such acquired prescription. Succession of Slaughter, 108 La. 492, 32 So. 379, 58 L.R.A. 408; Weil v. Jacobs' Estate, 111 La. 357, 35 So. 599; Burdin v. Burdin, 171 La. 7, 129 So. 651, 655; Waterman v. Dupeire, 180 La. 320, 156 So. 405; Landry v. Guidry, 210 La. 194, 26 So.2d 695.

In Burdin v. Burdin, supra, this court stated that " * * * a mere acknowledgment is not sufficient for the purpose [renunciation of an acquired prescription], even if accompanied by payment on account of the debt. There must be a new promise made to pay the debt in order to nullify an accrued prescription". To the same effect, see Landry v. Guidry, supra.

■ A promise to pay a debt made after prescription has accrued creates a new obligation binding on the debtor. Succession of Kugler, 23 La.Ann. 455. The old debt is extinguished, but the natural obligation which subsists is sufficient consideration for the new promise. See Art. 1759, Par. 2.

■ With the above in mind, let us now consider whether the quoted provision of the will in the instant case was a renunciation of the acquired prescription. In this provision the testatrix says that her sister holds her promissory note in the principal sum of $15,000, and then states that she recognizes that she is indebted to her sister in the sum of $10,950, having paid to homesteads for her sister's benefit the sum of $4,050. These statements clearly constitute an acknowledgment of the debt, but a mere acknowledgment is not sufficient to renounce the accrued prescription. After making the acknowledgment of the debt the testatrix then says: "The difference between $15,000.00 and this sum [$4050.00] is to be paid out of my Estate." This statement is nothing more than a directive to her executor or legal representative to pay from her estate after her death a certain sum, and is not a promise to pay made by her. The word "promise" is defined in Webster's New International Dictionary as " * * * One's pledge to another to do or not to do something specified; narrowly, a declaration which gives to the person to

whom it is made a right to expect or to claim the performance or forbearance of a specified act * * * ". It is obvious that the testatrix did not pledge anything to her sister.

 Furthermore, under our Code it is requisite to the formation of a contract that there be two parties to it, one proposing something and the other accepting and agreeing to it. The will of both parties must unite on the same point. La.Civ.Code, Art. 1798. If the party making the offer dies before it is accepted, or he to whom it is made dies before he has given his assent, the representatives of neither party are bound. Art. 1810. The unity of will necessary for the formation of a contract is not present here. Obviously the testatrix intended for the provision to take effect after her death, and she could not have intended by it to form a contract. This provision of the will, therefore, did not create an enforcible obligation, as that term is used in the Civil Code, on the part of the testatrix to pay to her sister any sum of money whatsoever.

 The provision of the will cannot be considered a renunciation of the accrued prescription, either express or tacit; there is no express renunciation of the accrued prescription, nor is there any fact which gives a presumption of the relinquishment of the right acquired by prescription so as to constitute a tacit renunciation. This provision, when considered as a whole, does not show any intention on the part of the testatrix to renounce the accrued prescription so as to revive the old obligation or any intention to make a new, binding, enforcible obligation based on the old debt as evidenced by the two notes.

We are of the opinion, however, that, although this provision does not operate as a renunciation of the accrued prescription, the opponents are nevertheless entitled to recover whatever the testatrix intended for her sister to recover by the provision in her will.

 When the will was written, the action to recover the amount due under the two notes had prescribed, but there still remained a natural obligation on the part of the testatrix to pay it. The debt, though prescribed, nevertheless remained unpaid, and the testatrix in her will in directing her executor to pay the sum she computed to be due showed that it was her intention to discharge this natural obligation. Her desire that the natural obligation be discharged was commendable on her part, and her directive is not contrary to public policy or good morals and does not violate any prohibitory law. Under these circumstances it was the duty of the judge under Article 1657 to order the execution of the will, and the testamentary executor was bound to see that the disposition in the testament for the discharge of the natural obligation was faithfully executed, under Article 1672 of our Code which provides: "The testamentary executor is bound, even after the expiration of his seizin, to see the testa-

ment faithfully executed." The fact that the executor styled the obligation in the provisional account as an ordinary debt, however, is immaterial under the facts of this case, because, under the conclusion we have reached herein and according to the inventory on file in these proceedings, there is a sufficient amount on hand to discharge all privileged and ordinary debts, make all dispositions of the several particular legacies enumerated and set forth in the will, discharge this natural obligation, and pay a balance to the residuary legatee.

The real question is whether the testatrix intended only for the principal amount of the debt to be paid, or whether she intended for principal and interest to be paid. The opponents devote a large portion of their brief to show that interest is only an accessory of a debt and should be included as a part of it without the necessity of a specific reference to it. This argument is logical, and ordinarily it can be presumed that, when a debtor expresses the wish that his debt be paid, he means everything he owes in connection with it— the interest as well as the principal. In this case, however, the specific provision and the will when considered as a whole overcome that presumption and show that actually the testatrix could only have meant that the principal be paid.

In clear and unambiguous language the testatrix designated the exact amount which she wished paid from her estate on this obligation, computing this sum by deducting from the *principal* amount of the notes a specified sum already paid by her for her sister's benefit. In view of her careful effort to restrict or specify the amount to be paid, to say that she intended in addition for a large sum of interest to be paid would be writing into the will a provision which the very language used by the testatrix clearly refutes.

Moreover, a consideration of the will as a whole in connection with the inventory filed in these proceedings shows that there is only one interpretation which can rightfully and reasonably be placed on the provision. It must be assumed that the testatrix was aware of the value of her property and the extent of her holdings. If the interpretation of the opponents were accepted and their claim allowed for interest in an amount approximating $14,000, the estate of the decedent would not even be sufficient to discharge the natural obligation and all of her other debts, and the particular legacies and the residue would fall. Under the executor's interpretation, the inventory shows the decedent's estate to be large enough to discharge all of her legal obligations, satisfy all the particular legacies, pay the specified sum of $10,950, and leave a residue. This interpretation, then, is obviously the logical one to give to the provision and the one which reflects and carries out the intention of the testatrix.

For the reasons assigned, the judgment appealed from is affirmed; appellants to pay all costs.

. FOURNET, C. J., concurs for the reasons assigned.

McCALEB, J., concurs in the decree.

FOURNET, Chief Justice (concurring).

I readily concur with the conclusions expressed by the majority that the testatrix, by the language used in her last will, did not intend thereby to renounce the prescription that had accrued on her obligation to her sister; nor was it intended as an acknowledgment; but the effect of her act was clearly the recognition of the natural obligation on her part to pay this amount, Article 1758, par. 3, and a giving in compliance with such obligation, Article 1759, par. 1.