AYRES, Judge.
This is an action upon a promissory note executed and signed by defendant, payable to plaintiff.
The defense first urged concerns an alleged want or lack of consideration for the execution of the note. In this regard, it is contended that an account representing a pre-existing indebtedness owed by defendant to plaintiff was insufficient to constitute a sufficient consideration for execution of the note, inasmuch as, at the time the note was executed, the account had already prescribed.
*499 The second defense, also predicated upon the account, is that the account was prescribed by the prescription of three years under the provisions of LSA-C.C. Art. 3538.
From a judgment in favor of plaintiff, defendant prosecutes this appeal.
Defendant contends that, by virtue of a notation at the bottom of the note, initialed by both plaintiff and defendant, reading “Above plus or minus any errors in acct.,” plaintiff was not a holder in due course, and, hence, urges that a defense of want or lack of consideration for the execution of the note was available to him. The availability of such defenses to a suit on a negotiable instrument as between the maker and the payee is recognized and well settled in the jurisprudence of this State. Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257; Belknap Hardware & Mfg. Co. v. Hearn, 179 La. 909, 155 So. 396; Shaddock v. Hawkins, La.App. 2d Cir., 1939, 190 So. 843; Maison Blanche Co. v. Putfark, 1928, 9 La.App. 567, 119 So. 289; Brown v. King, 7 La.App. 570. See, also, XVII L.L.R. 466 et seq.
The absence or failure of consideration is a matter of defense against one not a holder in due course, and partial failure of consideration is a defense pro tanto. LSA-R.S. Art. 7:28.
It follows, therefore, that the defense of want of consideration, in whole or in part, is available to the defendant.
The consideration of the note was an open account owed by defendant to plaintiff. The account had run for a period of several years and the invoices evidenced charges as late as October 4, 1957, and a credit as late as October 2, 1957. The note was dated October 3, 1960, and it was payable October 3, 1961. (Suit was filed November 2, 1961.) Defendant, therefore, contends that the account was prescribed, except for one or two items, and, hence, did not constitute a valid consideration for the execution of the note. This contention is untenable. As was stated in Succession of Aurianne, 219 La. 701, 53 So.2d 901, 904:
“A promise to pay a debt made after prescription has accrued creates a new obligation binding on the debtor. Succession of Kugler, 23 La.Ann. 455. The old debt is extinguished, but the natural obligation which subsists is sufficient consideration for the new promise. * * * ”
See, also, LSA-C.C. Arts. 1758; 1759, Par. 2; 3460; 3461; Quaintance v. Cook, La. App. 1st Cir., 1957, 92 So.2d 504.
Therefore, a pre-existing obligation of a maker constitutes a legal consideration for the execution of a note. Lucas E. Moore & Co. v. Hursey Transp. Co., Inc., 1st Cir., 1931, 18 La.App. 56, 137 So. 630.
The conclusion is therefore inescapable that the account owed plaintiff by defendant, even though prescribed, constituted a natural obligation of the defendant sufficient as a consideration for the execution of the note herein sued upon.
The action being upon a promissory note, the prescription of three years, under LSA-C.C. Art. 3538, applying to open accounts, has no application. Actions on negotiable or nonnegotiable bills and notes are prescribed by five years, reckoning from the day they are payable. LSA-C.C. Art. 3540. This prescription is applicable to notes representing indebtedness incurred on open accounts. M. H. Nahigian, Inc. v. Haddad, 205 La. 1009, 18 So.2d 598.
The account for which the note was executed was established by the testimony of plaintiff’s president and credit manager, except as to items on invoices aggregating the sum of $11.82. Hence, the trial court concluded there had been a partial failure of consideration of the note to that extent. Credit was accordingly allowed plaintiff. The record, in our opinion, amply supports this conclusion.
*500 Accordingly, for the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.