HALL, Judge.
Edwin Cambre, Sr., died at his domicile in the Parish of St. John the Baptist on April 23, 1966 leaving a last will and testament dated September 11, 1964 in which he bequeathed the disposable portion of his estate to his divorced wife, Anita Roussel (Cambre) Cohen and appointed her executrix of his estate.
In due course of administration Mrs. Anita Roussel (Cambre) Cohen, Executrix, filed a Tableau of Distribution and prayed for its approval and homologation. Carried on the Tableau was a proposed disbursement to herself for nursing services in the sum of $3,400.00. Also carried thereon was a proposed disbursement to herself in the sum of $29,270.80 representing the principal and interest on a promissory note executed by decedent to her order, dated August 28, 1964.
An opposition to these two proposed disbursements was filed on behalf of a minor forced heir of the decedent. Following a hearing thereon judgment was rendered maintaining the opposition and amending the Tableau by deleting therefrom the two opposed items. Mrs. Anita Roussel (Cam-bre) Cohen prosecutes this appeal from that judgment. The matter was submitted to us on written briefs without oral argument.
On the trial of the opposition Mrs. Cohen abandoned her claim for nursing services and adduced no testimony thereon.
The record reveals that the decedent, Edwin Cambre, Sr., was divorced from Anita Roussel on October 9, 1947. Subsequently his divorced wife married a Mr. Cohen. Decedent never remarried.
*378 On March 10, 1948 by act of mortgage before Arthur A. delaHoussaye, Notary Public, Edwin Cambre, Sr. acknowledged himself indebted unto Anita Roussel, his divorced wife, in the sum of $23,145.00 and executed eight notes totalling that amount secured by mortgage on real estate situated in St. John the Baptist Parish. This mortgage was duly recorded in M.O.B. “PP” folio 479 of the records of that parish. The record shows that the mortgage was executed to secure payment to her for her share of the proceeds of community property which Mr. Cambre had sold after their divorce without her knowledge and consent.
Approximately nine months after the notes and mortgages were executed viz. on January 1, 1949 the eight mortgage notes were delivered duly defaced to the Recorder for St. John the Baptist Parish who attached them to folio 479 of M.O.B. “PP” and cancelled the mortgage.
No payments had been made on any of the notes. However Mrs. Cohen testified that she agreed to cancel the mortgage and that she delivered the eight notes to Mr. Melvin Barre, a notary public, for that purpose, because decedent begged her to do so in order that he might borrow from the Federal Land Bank “to work his crops.”
Mrs. Cohen’s testimony as to the note of August 28, 1964 listed in the Tableau of Distribution is somewhat vague and confused. However Mr. Carol Hart, a New Orleans attorney, testified that he represented Mrs. Cohen over a period extending from approximately 1950 until recently and that the note of August 28, 1964 was executed by Mr. Cambre in his presence and was given to evidence the obligation formerly represented by the eight mortgage notes of March 10, 1948 which had been cancelled but were never paid. He testified that he computed the amount of the note by adding $5,000.00 to the amount of the original indebtedness. His only explanation was that “ * * * The additional amount of $5,000.00 was not itemized but land was taken as a lump sum for interest accrued.”
The above recitation is the sum and substance of the record before us. Mrs. Cohen and Mr. Hart were the only witnesses who testified regarding the merits of the case and the testimony is somewhat sketchy. However it is clear from the record as a whole that (a) no payments were made on any of the eight mortgage notes, (b) the note of August 28,1964 listed in the Tableau is the genuine note of decedent, and (c) the note was executed by him as evidence of the obligation formerly evidenced by the mortgage notes, and was not intended as a donation.
In maintaining the opposition the Trial Judge held that when Mrs. Cohen delivered the eight mortgage notes “to Mr. Cambre” for cancellation the original obligation of decedent represented thereby was extinguished both by remission and by confusion; that no natural obligation remained; consequently there was no consideration for the 1964 note. The Trial Judge further held that he found “ * * * no need to determine whether or not the 1964 note could be a donation inter vivos since Anita Rous-sel, by will, receives the entire disposable portion and could not impinge on the leg-itime.”
The first issue presented is whether decedent’s indebtedness to his divorced wife was extinguished by tacit remission when she delivered the eight mortgage notes to Mr. Barre so that the mortgage might be cancelled.
Article 2199 of the Civil Code (LSA-C.C. Art. 2199) reads as follows:
“Art. 2199. The remission of the debt is either conventional, when it is expressly granted to the debtor by a creditor, either having (creditor having) a capacity to alienate;
“Or tacit, when the creditor voluntarily surrenders to his debtor the original title under private signature which establishes the obligation.” (Emphasis supplied.)
*379 We observe in the first place that Mrs. Cohen did not surrender the notes to her debtor, Mr. Cambre, but gave them to Mr. Barre, the notary, and the record is silent as to whom Mr. Barre represented. As far as the record shows he may have represented Mr. Cambre, the Federal Land Bank, or even Mrs. Cohen herself.
However, assuming arguendo, that the notes were surrendered by Mrs. Cohen to Mr. Cambre himself they were surrendered for a particular purpose i. e. for the purpose of cancelling the mortgage and for no other purpose.
The record reveals no intention on the part of Mrs. Cohen to cancel or remit the indebtedness evidenced by the mortgage notes and certainly Mr. Cambre did not consider that the cancellation of the mortgage notes relieved him of his indebtedness to her.
We are of the opinion that when codal article 2199 speaks of the “surrender” of the original title to the debtor it means an intentional total and unconditional surrender and not a delivery for a limited or restricted purpose such as we have here. We are therefore of the opinion that the indebtedness of Mr. Cambre to Mrs. Cohen was not remitted by the surrender and cancellation of the mortgage notes. Only the evidence of his obligation was destroyed, the obligation itself remained.
The second issue presented is whether decedent’s indebtedness to his divorced wife was extinguished by confusion. LSA-C.C. Art. 2217 provides as follows:
“Art. 2217. When the qualities of debt- or and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation.”
While it has been held that a legal presumption arises that a debt has been satisfied when the negotiable instrument evidencing the debt is found in the possession of the obligor (see Lampton Reid & Co. v. Fortenberry, La.App., 168 So. 36) the presumption is rebuttable.
Assuming arguendo that the eight mortgage notes were delivered by Mrs. Cohen to the decedent instead of Mr. Barre they were delivered for a limited and restricted purpose i. e. for the purpose of cancelling the mortgage. We are of the opinion that if the creditor delivers the evidence of the debt into the hands of the debt- or for a particular restricted purpose without any intention on the part of either of affecting the debt in any manner there is no uniting of the qualities of debtor and creditor and confusion does not take place.
In our opinion the indebtedness of Mr. Cambre to his divorced wife was neither extinguished by remission nor by confusion. However the evidence of such indebtedness had been destroyed and with the passage of time prescription barred collection of the indebtedness. The 1964 note executed by decedent remedied this and made the debt collectible.
LSA-C.C. Art. 1758(3) states that “when the action is barred by prescription, a natural obligation still subsists, although the civil obligation is extinguished” and LSA-C.C. Art. 1759(2) provides that “a natural obligation is a sufficient consideration for a new contract.” See Succession of Aurianne, 219 La. 701, 53 So.2d 901.
We are of the opinion that decedent owed a natural obligation to pay his indebtedness to his divorced wife and that this obligation was sufficient consideration for the note of August 28, 1964.
For the foregoing reasons the judgment appealed from is reversed insofar as it denied Mrs. Anita Roussel (Cambre) Cohen’s claim for the amount due on the note of Edwin Cambre, Sr. dated August 28, 1964 and deleted such claim from the Tableau of Distribution. In all other respects the judgment appealed from is affirmed, costs of this appeal to be borne by appellee. The *380 succession proceedings are remanded to the District Court for further proceedings according to law.
Judgment reversed in part, affirmed in part and proceedings remanded.