DOMENGEAUX, Judge.
This is a suit on a promissory note. The defendants pled prescription of five years and the trial court sustained the exception dismissing plaintiff’s suit. Plaintiff appeals. We affirm.
The issues are: (1) Did the promissory note prescribe? (2) If so, did the defendants renounce the accrued prescription in a letter postmarked April 9, 1980?
Plaintiff, E. Hester Curry, Jr., d/b/a Curry Bonding Service was the holder of a promissory note executed by defendants, Tom Winnfield, Jr. and Alice Rose Jones Winnfield, on June 26, 1973. The note was secured by a real estate mortgage and was payable in thirty-six monthly installments, commencing July 26, 1973. The defendants made no payments on the note.[1]
Included in the note is the following acceleration clause:
“In the event that any of the two within described installments in principal and interest in whole or in part, shall not be paid when due, then and in that event without notice of demand and without necessity of putting in default, same being hereby expressly waived, the entire remaining balance in principal, interest, attorney’s fees and costs then due under the within described note, shall immediately mature and become due and exigi-ble just as if said note had been matured by the lapse of time.”
Where a note is payable in monthly installments and contains an automatic acceleration clause like the one above, the note is fully matured and prescription begins running when the maker first defaults on the note. Morgan’s Discount Corporation v. Belote, 338 So.2d 1222 (La.App. 3rd Cir. 1976); A Second Mortgage Company of Baton Rouge, Inc. v. Gatlin, 233 So.2d 583 (La.App. 1st Cir. 1970); Dassau v. Seary, 158 So.2d 243 (La.App. 4th Cir. 1963). *99 Therefore, the liberative prescription period of five years, made applicable to promissory notes by La.C.C. Art. 3540, began to run on August 26, 1973, when the second monthly installment became due. However, suit was not filed until March 24, 1980, more than five years after default. Hence, the note had already prescribed when plaintiff filed suit.
In a letter postmarked April 9, 1980, and written to plaintiff’s attorney, one of the defendants said, “Please write me if I could work out some kind of agreement with the note.” The plaintiff contends that this is an acknowledgment sufficient to interrupt prescription. However, at the time the letter was written the note had already prescribed so the letter did not interrupt prescription. Thus, the issue is whether the letter is sufficient to renounce the accrued prescription.
Where a civil action is barred by prescription a natural obligation still exists. La.C.C. Art. 1758. A natural obligation is a sufficient consideration for a new contract, La.C.C. Art. 1759, but there must be a new promise to pay the debt to renounce the accrued prescription. Landry v. Guidry, 210 La. 194, 26 So.2d 695 (1946). Since the language contained in the letter does not amount to a new promise to pay the debt, the defendants have not renounced the accrued prescription.
The decision of the trial court is affirmed at plaintiff’s costs.

AFFIRMED.

. The note has been lost. However, the plaintiff has complied with the requirements of La. C.C. Art. 2280 and the defendants admit the existence of the note. The terms of the note are stated in the act of mortgage.
La.C.C. Art. 2280 reads as follows:
“In every case, where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised, within a reasonable time, in a public newspaper, and proper means taken to recover the possession of the instrument.”