487 So.2d 518 (1986)
LIBERTY PERSONNEL, INC., d/b/a Lawson & Associates
v.
CHILDREN'S HOSPITAL.
No. CA-4133.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*519 Frank Sloan, Jefferson, for appellant.
Veronica P. Martzell, Karen M. Worthington, Broadhurst, Brook, Mangham & Hardy, New Orleans, for appellee.
Before GULOTTA, SCHOTT and BARRY, JJ.
GULOTTA, Judge.
In this breach of contract suit, an employment agency appeals from a judgment dismissing its claim for fees allegedly owed by a hospital who hired two medical employees. Plaintiff claims these employees were referred by the agency. We affirm.

*520 BACKGROUND
Liberty Personnel, Inc., d/b/a Lawson & Associates (Lawson), is an employment agency that receives fees from an employer based on a percentage of the employment salary, if the applicant, referred by plaintiff, is hired. Lawson's fee policies are set forth in a printed "FEE SCHEDULE", which provides, in pertinent part, as follows:
"This will confirm our fee policy. Should you hire (for any position within your firm) a candidate we have referred within one year of the referral, your company will pay our fee in accordance with the schedule listed below. If this is not your understanding, please call us immediately."
Although, as a matter of policy, Lawson distributes its fee schedule to its employerclients, the employers do not sign the fee schedule or enter into written contracts with Lawson for the placement of individual employees. The purported agreement in this case was not in writing.
In July, 1983, Margaret Mary Griener, the director of nursing at Children's Hospital, telephoned Beverly Vidacovich, the recruiter for health care professionals at Lawson, to inform her that the hospital was looking for a full time director of its rehabilitation unit. Vidacovich told Griener that a figure of approximately $6,000.00 would be due Lawson if a candidate was successfully placed for this $28,000.00 per year position, but they did not discuss the fee schedule or the requirement that a fee would be due if a candidate referred by Lawson were hired for any position at the hospital within one year. Although Casie Lawson and Vidacovich testified that fee schedules had been given or sent to Children's Hospital since 1981, Vidacovich did not send a schedule after the phone conversation about the unit director of rehabilitation. Children's Hospital had never paid fees to Lawson before, and Griener denied receiving any fee schedules before hiring the two individuals involved in this case, Laura Deese and Ann Byerly.
Laura Deese
In response to the hospital's request, Lawson referred a bachelor's degree nurse, Laura Deese, who interviewed for the fulltime job of director of the rehabilitation unit on August 25, 1983. Griener offered Deese the job, but she declined to accept the position. About one month later, however, Deese told Griener that she was no longer represented by Lawson, that it was difficult for her to work full time because of her husband's work schedule and her two small children, and that she was interested in working on a temporary basis. Griener thereupon hired Deese to work in a temporary pool of nurses for one week-end each month. About two weeks after Deese began work, Griener received a bill for a $1,181.61 fee owed for Deese's employment, together with a fee schedule that was attached to the bill. According to Griener, this was the first time she had seen the fee schedule and its one year stipulation. She also testified that the hospital had a policy of filling its staff nursing positions without the assistance of employment agencies.
Ann Byerly
In addition to submitting Laura Deese as a candidate for the job of director of the rehabilitation unit, Lawson gave the hospital Ann Byerly's resume. Before approaching Lawson for assistance in her job search, however, Byerly had been aware, through a newspaper ad, that Children's Hospital was seeking a rehabilitation unit director. She had not applied directly for the job, however, because she was looking for an administrative position and felt that her master's degree in public health "overqualified" her for the advertised position. Byerly had also previously worked at Children's Hospital from June through November, 1979, and had submitted her resume independently to Griener in May, 1983 for another position of infection control coordinator. Griener had retained her resume in her active file. Upon receiving Byerly's resume from Lawson, Griener immediately called Vidacovich to explain that she would *521 not accept Byerly's resume or interview her because she already knew her.
Byerly pursued other leads through Lawson but failed to obtain employment. About three weeks into her job search without results, she started "to get nervous" and, in her words, "began to lower her expectations". She decided to contact Children's Hospital on her own and apply for the job of unit director of rehabilitation during the first week of September, 1983. She submitted an updated resume, was hired, and began work at the hospital on September 16, 1983. Lawson thereafter submitted a bill to the hospital for a $6,760.00 fee in connection with Byerly's employment.

REASONS FOR DISMISSAL
In dismissing plaintiff's suit for the fees, the trial judge concluded that there was no agreement or meeting of the minds between Lawson and the hospital to warrant the employment agency fees for the hiring of either Deese or Byerly. In written reasons, the trial judge noted that Deese's employment had resulted from her desire to work as a part-time nurse on a temporary assignment and not through any effort or professional services rendered by Lawson to fill the position of director of the rehabilitation unit. He further noted that Lawson had failed to set up a job interview for Byerly and the hospital had refused to accept Byerly's resume. According to the trial judge, any factual dispute about when the hospital received the fee schedule was not controlling.

CONTENTIONS
Appealing, Lawson contends that but for its efforts in recruiting Deese and Byerly the hospital would never have employed them. In this regard, Lawson points out that it submitted the fee schedule prior to the placement of the individuals and that the hospital (which benefited from the labor and efforts of the employment agency) is liable for the fees pursuant to the one year stipulation clause. Alternatively, Lawson contends that there was an implied contract between the parties such that the hospital should be presumed to know and consent to all provisions of the fee schedule by placing a job order with Lawson and asking the agency to recruit candidates. Additionally, Lawson contends that it is entitled to recovery under a theory of quantum meruit. We disagree.

MERITS
LSA-C.C. Art. 1927, formerly LSA-C.C. Art. 1798 (1870), provides that a contract is formed by the consent of the parties established through offer and acceptance. The will of the parties must unite on the same point. Succession of Aurianne, 219 La. 701, 53 So.2d 901 (1951). This prerequisite is often referred to as a "meeting of the minds". Shapiro v. Waiss, 284 So.2d 163 (La.App. 3rd Cir. 1973); Coen v. Toups, 168 So.2d 893 (La. App. 2nd Cir.1964); N-Y Associates, Etc. v. St. Charles, Etc., 422 So.2d 520 (La.App. 5th Cir.1982). Contracts are founded on parties' agreements, and where they misunderstand each other there is no contract. Pittman Const. Co. v. Housing Auth. of New Orleans, 183 So.2d 343 (La.App. 4th Cir.1966), application denied 249 La. 376, 186 So.2d 627 (1966).
Applying the above to the facts of the instant case, we find no basis for the plaintiff employment agency to recover fees for the placement of the two individuals under either an express or implied contract with the defendant hospital. The record supports the trial judge's conclusion that there was no agreement or meeting of the minds between the parties.
Based on the testimony of Beverly Vidocavich and Mary Griener, it appears that both parties understood that a commission of approximately $6,000.00 would be due if the Lawson Agency submitted a qualified applicant who was hired by the hospital for the position of unit director of rehabilitation. Despite testimony that the hospital had received Lawson's fee schedule, they did not discuss the one year provision of the fee schedule, sign a written *522 contract, or discuss the hospital's policy of not paying commissions on staff nursing positions which differed from the managerial position of unit director of rehabilitation. Laura Deese was offered the position of rehabilitation director, but declined this position. She was only hired later for a part-time staff position after she contacted the hospital independently without any intervention by the Lawson agency. Under these circumstances, we cannot say the trial judge erred in concluding that Lawson and the hospital failed to agree that a fee would be due for Laura Deese's employment under these circumstances.
Similarly, no fee is due for the hiring of Ann Byerly. The evidence is clear that upon receiving Byerly's resume from Lawson, Griener telephoned Vidacovich and explained that the hospital would refuse her resume because the hospital was already familiar with Byerly. After the exchange, it was apparent that Lawson and the hospital had reached no contractual agreement concerning Byerly. Lawson was unable to obtain an interview for Byerly, and the hospital did not actively pursue her for the position. Although the hospital did ultimately hire her, it was only after Byerly later independently applied for the position without Lawson's intercession. Under these circumstances, the trial judge properly concluded that no fee was due for Byerly's hiring.
We likewise reject Lawson's arguments based on quantum meruit. At the outset, we note that Lawson did not plead the issue of quantum meruit in the trial court and cannot now raise this claim for the first time on appeal. Pollard v. Ingram, 308 So.2d 860 (La.App. 4th Cir.1975); Genco v. McDonald Sales Corp., 442 So.2d 845 (La.App. 4th Cir.1983). However, assuming the issue were properly pleaded, plaintiff is not entitled to recovery under this theory where Children's Hospital has received no enrichment at plaintiff's expense. See LSA-C.C. Art. 2292 et seq; Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir.1976). Both Deese and Byerly obtained positions at the hospital through their own initiative. Accordingly, plaintiff is not entitled to payment under a theory of quantum meruit.
Accordingly, the judgment is affirmed.
AFFIRMED.