490 So.2d 779 (1986)
BORDELON'S, INC., Plaintiff-Appellant,
v.
Alma Bordelon LITTELL, et al., Defendants-Appellants.
No. 85-832.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*780 A. Bruce Gaudin, Opelousas, for plaintiff-appellant.
Richard C. Cadwallader, Baton Rouge, for defendants-appellants.
Before DOMENGEAUX, KNOLL and BROYLES[*], JJ.
KNOLL, Judge.
This matter was consolidated for purposes of trial and appeal with a matter entitled Bordelon Motors, Inc. v. Alma Bordelon Littell, et al., 490 So.2d 782 (La.App. 3rd Cir.1986). For the reasons hereafter set forth, we decide the issues in both appeals in this opinion but will render separate decrees.
Bordelon Motors, Inc. and Bordelon's, Inc. (hereafter plaintiffs) appeal the partial dismissal of their claims to enforce payment of certain debts against the Succession of Felicity Andrepont Bordelon on exceptions of prescription. The trial court ruled that the notarized receipt and acknowledgment signed by the decedent, Felicity Andrepont Bordelon, constituted an acknowledgment of her prior indebtedness but was not a renunciation of prescription as contemplated by LSA-C.C. Art. 3449. Plaintiffs' assignment of error contends that the trial court erred in its characterization of the instrument as an acknowledgment of indebtedness rather than a renunciation of prescription.
Mrs. Alma Bordelon Littell, the co-administratrix of the succession also appeals, contending that the trial court erred: (1) in overruling various exceptions of prescription; and (2) in allowing plaintiffs to place into evidence two checks dated February 9, 1981. An appeal may be taken from a final judgment or from interlocutory judgments which may cause irreparable injury. Deville v. Carmouche, 450 So.2d 24 (La.App. 3rd Cir.1984). A judgment which denies a peremptory exception is an interlocutory judgment, and is not appealable in the absence of a showing of irreparable harm. Wallace v. Pan American Fire & Cas. Co., 386 So.2d 158 (La. App. 3rd Cir.1980). Evidentiary rulings are likewise interlocutory. The succession's assignments constitute interlocutory matters that are not appealable absent a showing of irreparable injury. Since Mrs. Littel has not made a showing of irreparable injury, her appeal is hereby dismissed ex proprio motu.
From the outset we note that whether the money deposited in Mrs. Bordelon's account constitutes a legal debt is in question and is presently pending before the trial court. Therefore, our review focuses solely on the question of prescription should the trial court determine the deposits to be legal debts, and in no way do we express an opinion of whether the monthly deposits constitute legally recognizable debts.

FACTS
Bordelon Motors, Inc. and Bordelon's, Inc. sued the succession to recover the balances on monthly deposits made by them to Felicity Andrepont Bordelon from 1963 through 1981. These deposits were made monthly to Mrs. Bordelon's checking account, and were carried on each corporation's books as an open account.
On March 30, 1976, Mrs. Bordelon signed a notarized document entitled a receipt and acknowledgment. Contemporaneous with the signing of this document Mrs. Bordelon paid Bordelon Motors, Inc. $44,956.52, the entire debt carried on its books as of that time, and paid St. Landry Supply Company, the predecessor of Bordelon's, Inc., $3000, leaving a $30,193 balance on the latter's corporate books. On March 25, 1978, Bordelon's, Inc. sold $20,000 of this indebtedness to Bordelon Motors, Inc.
Monthly deposits to Mrs. Bordelon's checking account continued until her death on April 24, 1981. Shortly before she died, on February 9, 1981, checks drawn from Mrs. Bordelon's checking account in the *781 amounts of $1000 and $22,317 were paid respectively to Bordelon's Inc. and Bordelon Motors, Inc., however, these checks and payments are in question and presently pending before the trial court.
These suits were filed on February 6, 1984, when Alma Bordelon Littell, one of the succession's co-administrators, rejected the debts, refusing to include them in the succession's tableau of distribution.

PRESCRIPTION
The debts plaintiffs sued upon may be categorized as follows: (1) debts prior to March 30, 1973; (2) debts between March 30, 1973, and March 30, 1976; (3) debts between March 30, 1976, and February 9, 1978; (4) debts between February 9, 1978, and February 9, 1981; and (5) debts between February 9, 1981, and April 24, 1984.
In its decision the trial court ruled that the debts in categories 1 and 3 were prescribed. The plaintiffs do not contest the unenforceability of the category 3 debts; however, they contend that the trial court erred in holding that Mrs. Bordelon failed to renounce prescription as to the category 1 debts, the debts mentioned in the receipt and acknowledgment.
Prescription may be renounced after it has accrued. LSA-C.C. Art. 3449. Renunciation may be express or tacit. LSA-C.C. Art. 3450. Renunciation of accrued prescription, to be effective, must be unequivocal and takes place only when the intent to renounce is clear, direct and absolute and manifested by words or actions of the party in whose favor prescription has run. McPherson v. Roy, 390 So.2d 543 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 910 (La.1981).
Louisiana jurisprudence has concluded that a mere acknowledgment of a debt by the debtor does not operate as a renunciation of an acquired prescription, and that the debtor may even acknowledge the debt and pay part of it without renouncing such acquired prescription. Succession of Aurianne, 219 La. 701, 53 So.2d 901 (1951). Even if there has been an acknowledgment accompanied by payment on the account by the debtor, there must be a new promise made to pay the debt in order to nullify accrued prescription. Burdin v. Burdin, 171 La. 7, 129 So. 651 (1930). A new obligation binding on the debtor is created when a promise to pay is made after prescription has accrued. Succession of Aurianne, supra.
In Succession of Aurianne, supra, the word "promise" was defined as one's "`pledge to another to do or not to do something specified; narrowly, a declaration which gives to the person to whom it is made a right to expect or to claim the performance or forbearance of a specified act....'"
The act of receipt and acknowledgment signed by Mrs. Bordelon on March 30, 1976, contains the following pertinent language:
(1) "The current balance due by Mrs. Bordelon to St. Landry Supply is THIRTY THREE THOUSAND ONE HUNDRED NINETY-THREE DOLLARS ($33,193.00)"

(2) "appearers desire to interrupt the possible running of any prescription on the remaining loan balance due by Mrs. Bordelon"
(3) "expressly interrupting the running of prescription"
(4) "expressly acknowledging that the remaining loan balance due by her to St. Landry Supply Company, Inc. has not been prescribed"
(5) "is a true and valid indebtedness"
(6) "the remaining loan balance due by her this date to St. Landry Supply Company, Inc. is $30,193.00"
(7) "the remaining loan balance due to St. Landry Supply, Incorporated of $30,193.00 has not been prescribed"
(8) "by virtue of her partial payment thereon this date prescription thereon has been interrupted"
(9) "this remaining loan balance due St. Landry Supply Company, Inc. is a true and valid indebtedness."
In its analysis of the 1976 document the trial court observed, "[it] is replete with acknowledgments. But there is no renewal language; there is no promise to pay." On this basis the trial court concluded that the document was a valid acknowledgment and transformed the unprescribed portion of the indebtedness into a personal obligation with a 10 year prescriptive period. We agree.
The receipt and acknowledgment contains no new promise by Mrs. Bordelon to pay the indebtedness which had prescribed. In Harmon v. Harmon, 308 So.2d 524 (La. App. 3rd Cir.1975), we recognized the jurisprudential *782 requirement of a new promise to pay the debt as a requisite to a valid renunciation of prescription. In Harmon there was a verbal statement by the debtor that he would begin paying $50 per month until the amount owed was paid. This new promise to pay is lacking in the case sub judice. Therefore, we find no error in the trial court declaring that the debts prior to March 30, 1973, had prescribed.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to Bordelon's, Inc., and Bordelon Motors, Inc.
AFFIRMED AND THE APPEAL OF ALMA BORDELON LITTELL IS DISMISSED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.