537 So.2d 1214 (1989)
Thomas E. QUEEN
v.
W. & W. CLARKLIFT, INC., et al.
No. 88-CA-1067.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
*1215 James C. Ferguson, Baton Rouge, for plaintiff-appellant.
David E. Kavanagh, Brook, Morial, Cassibry, Fraiche & Pizza, New Orleans, for defendants-appellees.
Before SCHOTT, C.J., and WARD and PLOTKIN, JJ.
SCHOTT, Chief Judge.
The trial court dismissed plaintiff's tort suit on defendant's peremptory exception of prescription. In his appeal from the judgment plaintiff argues only that prescription was interrupted by defendant's conduct in carrying on settlement negotiations after the prescription date.
The accident sued on occurred on June 25, 1984. Plaintiff's counsel mailed his petition to the clerk on June 22, 1985, but the petition was not filed until June 26, 1985, a Wednesday. Consequently, plaintiffs suit was ostensibly barred by the one year prescription of LSA-C.C. art. 3492.
Plaintiff argues that prescription was interrupted by defendant's actions in continuing to negotiate a settlement with him after the suit was filed. The record shows that the following exchange of correspondence took place between plaintiff's attorney, Michael D. Brown, and defendant's insurance adjuster, Joe Bily:
May 2, 1985Bily to BrownBily asks for the name of plaintiff's employer's compensation carrier and photos of plaintiff's injured hand before commencing negotiations of a settlement.
May 13Brown to BilyBrown identifies the compensation carrier as INA and suggests that photos may not be necessary.
May 20Bily to BrownBily states that he is trying to contact INA and that he still needs a photo. The letter continues:
"We realize your claim prescribes June 25, 1985, and if the claim cannot be settled, you will have to file suit, but if you would secure the above photos, I will secure the information from INA and attempt to evaluate your claim."
June 3Brown to BilyBrown states he will get the photos "in order to facilitate an amicable resolve of this claim". He also states he tried to obtain the information from INA without success.
June 17Bily to BrownBily states he has received the information from INA and is awaiting the photos.
On July 1, 1985 Brown sent a letter to Bily stating:
Please find enclosed the pictures that you previously requested and a copy of the petition which was filed on behalf of the claimant, Thomas E. Queen. Said petition was filed by certified mail and post marked on June 22, 1985, thereby interrupting prescription. Additionally, my client has incurred the cost of $200.00 in filing fees, representing the cost of filing the petition without any service at this time, plus the cost for requesting a jury trial (see attachments).
It is hereby our position that this matter is now ready for settlement and in accordance with your letter of May 20, 1985, please present us with your maximum settlement evaluation in order that this suit may be dismissed with prejudice at the cost of your insured (see attached).
On July 3 Bily acknowledged to Brown receipt of his letter and the copy of the petition. He went on to point out weaknesses in plaintiff's case, asked that Brown discuss these things with plaintiff, and asked Brown to call him "to continue our discussions towards a possible reasonable settlement under the circumstances." Negotiations continued and on October 31, 1985 defendant, now represented by counsel, sent Brown a settlement check for $4,735 and settlement documents. On January *1216 29, 1986 defendant filed a motion either to require plaintiff to return the check or to dismiss the claim. On March 31 Brown withdrew as plaintiff's counsel and in April present counsel for plaintiff enrolled on the record. The record contains an exchange of correspondence between counsel for the parties in December, 1986 and January, 1987 and a letter from defendant's counsel to plaintiff's on July 20, 1987 offering to settle the case for $8000. In the meantime defendant settled INA's $2,500 claim for $500.
The copy of the petition enclosed in Brown's July 1, 1985 letter to Bily showed the number of the suit but not the filing date. When he filed the suit Brown instructed that service of the petition and citation be withheld. Counsel for defendant states that he learned for the first time that the suit was filed too late when he had the record checked and he filed the exception of prescription shortly thereafter.
Plaintiff's argument that prescription was interrupted is not supported by the record. Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. C.C. Art. 3464. The obvious context in which interruption occurs is the situation where prescription has not yet run. Once run it cannot be interrupted. The defendant did not acknowledge plaintiff's right prior to the prescription date of June 25, 1985. On the contrary, as late as May 20 defendant warned plaintiff through his attorney that he would have to file suit before June 25 if the case was not settled. Thus, plaintiff's interruption argument has no merit.
However, defendant has responded to plaintiff's argument as one based on the concept that defendant tacitly renounced prescription by negotiating and trying to reach a settlement after the suit was filed. C.C. Art. 3449 provides that prescription may be renounced only after it has accrued; and art. 3450 provides for tacit renunciation resulting from circumstances that give rise to a presumption that the advantages of prescription have been abandoned. Renunciation of accrued prescription, to be effective, must be unequivocal and takes place only when the intent to renounce is clear, direct, absolute and manifested by words or actions of the party in whose favor prescription has run. Bordelon's Inc. v. Littell, 490 So.2d 779 (La.App. 3rd Cir.1986); McPherson v. Roy, 390 So. 2d 543 (La.App. 3rd Cir.1980) writ denied 396 So.2d 910 (La.1981).
In his letter of July 1, 1985 plaintiff's attorney Brown told Bily that the petition was filed. From that time until shortly before December, 1987 Bily first and then his attorneys were relying on this misstatement when they attempted to negotiate a settlement, unaware that the suit was not timely filed. Defendant could not form the intent to renounce prescription when it was not only unaware that prescription had accrued but was specifically led to believe that it had not by plaintiff's attorney. Further, the fact that defendant completed the settlement with INA, plaintiff's employer's compensation carrier, under these circumstances did not constitute a renunciation of prescription either. A debtor may even acknowledge a debt and pay part of it without renouncing such acquired prescription. Succession of Aurianne, 219 La. 701, 53 So.2d 901 (1951). There must be a new promise made to pay the debt in order to nullify accrued prescription. Such a promise creates a new obligation. The old debt is distinguished, but the natural obligation which remains supplies consideration for the new promise. Aurianne, supra, 53 So.2d at page 904. In the instant case defendant's conduct can hardly be considered a new promise to pay the prescribed debt. Because of plaintiff's attorney's statements, defendant was unaware that the debt was prescribed when it made the settlement with INA and attempted to settle with plaintiff.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.