REID, Judge.
Plaintiff filed this suit on a note executed by defendant on March 28, 1955 for the sum of $270.00 with 8% per annum interest from April 1, 1955 until paid. Defendant answered contending the debt was not owed and alternatively contending there was no consideration for the debt. In addition, he pleaded the note had prescribed in whole or in part.
The case was tried and the Judge of the City Court rendered judgment in favor of the defendant against the plaintiff decreeing all installments on the note had prescribed except those installments which would have fallen due after the filing of this suit on December 13, 1961. Accordingly judgment was rendered in favor of *54 plaintiff and against the defendant in the amount of $60.00, plus interest at the rate of 8% per annum from December 13, 1961, plus attorney’s fees in the amount of 15% on both principal and interest until paid and costs.
From this judgment the plaintiff prosecutes this appeal.
The defendant answered the appeal and asked that the judgment be reversed insofar as it held the note was not prescribed in its entirety. Alternatively defendant prayed the judgment be affirmed.
The schedule of payment on the reverse of the note states:
“This note is due and payable in 27 equal monthly payments of $10.00 each, payable monthly, commencing on April 1, 1955 and monthly thereafter on the 1st day of each month, until paid.
“The failure to pay any one monthly installment promptly when due shall cause the entire amount to become due and payable at the option of the holder of said note.
“/s/ Harrison Knox”
Plaintiff contends under Article 3540 of the LSA-Civil Code prescription does not run until five years from the due date of the last payment, unless the holder of the note should exercise his option to make all payments due and payable on the failure to make one payment. The first payment was due on April 1, 1955 and the last payment was due 27 months later on June 1, 1957. Plaintiff contends prescription did not run until June 1, 1962 five years after the due date of the last installment because the option to accelerate had not been exercised by the holder.
There is no question no payments were made and the option was not exercised by the holder. Article 3540 of LSA-Civil Code reads as follows:
“Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable.”
Installments on the note were payable monthly. Therefore, as provided by Article 3540 prescription on each installment began to run from its due date.
Counsel for both parties rely for authority upon the case of National Park Bank v. Concordia Land & Timber Company, 159 La. 86, 105 So. 234 (1925). The plaintiff cites in support of his contention the following paragraph from the opinion:
“Taking up for consideration the five year prescription pleaded in bar of the reconventional demand of the Black River Lumber Company, filed May 27, 1923, based upon the four notes, aggregating in principal $10,734.62, and which are fully described in the defendant’s answer in Suit No. 4431 the court, finding that this demand was not made until after the expiration of more than five years reckoning from the date of maturity, which is March 27, 1918, of the last maturing one of the said notes, and that there were no payments or acknowledgments made which would interrupt the prescription, holds that the plea as to the said four notes must be sustained.”
The plea of prescription in the National Park Bank case was sustained because five years had elapsed after the maturing of the series of notes and there had been no payment or acknowledgment that would interrupt prescription. This same situation holds true in the other cases cited by thfe plaintiff, Continental Bank & Trust Co. v. Simmons, 177 So. 384 (La.App.1937) and Brock v. Sharkey, 191 So, 137 (La.App.1939). There is no question a plea of prescription was good when suits were filed more than five years after the maturity *55 date of the last installment or the last note. These cases only differ from the case at bar in that in this case the suit was filed before all the installments had matured.
The opinion in National Park Bank v. Concordia Land & Timber Co., supra, is determinative of the issue in the instant case in the following:
“Where a term is given to pay a debt, the debt is not matured until the last day of the term has expired. So then, under the contract, the Jeffris Lumber Company could not have been put in default for the yearly delivery of two .and one-half million feet of gum logs •until the last day of the year had expired. This would make each yearly payment of $7,500 mature by lapse of time on May 16th of each year, beginning in 1918. We see from this lapse of time that only six payments of $7,500 each, aggregating $45,000, have ■matured. There are, therefore, more •than two payments of $17,000 of the .$62,000, to say nothing of interest, still unmatured by lapse of time. Subtracting the amount paid in 1918, $18,-.567.48, from the amount $45,000 now •matured by lapse of time would leave •of the principal sum $26,432.52, now •due and unpaid.”
There is a principle of law that prescription runs on notes payable in installments from the due date of each installment. 34 American Jurisprudence verbo Limitations •of Actions, pages 114 and 117, paragraphs 142 and 146 read:
“The rule is firmly established that when recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it. * * * This rule that the statute of limitations begins to run against each installment of an obligation payable by installments only from the time the installment becomes due applies although the debtor has the option to pay the entire indebtedness at any time. On the other hand, where there is an acceleration clause giving the creditor the right upon certain contingencies to declare the whole sum due, the statute begins to run, only with respect to each installment, at the time the installment becomes due, unless the creditor exercises his option to declare the whole indebtedness due, in which case the statute begins to run from the date of the exercise of the option.”
Paragraph 146 states:
“For the case of a bill or note which is payable upon a day certain, the statute of limitations runs from the date of maturity * * *. If the instrument is payable by installments, the statute begins to run against each installment from the time it matures or becomes due.”
 Defendant contends the note had prescribed in its entirety because it bore interest from maturity and the first installment fell due on April 1, 1955 and since the interest began on that date, and the note could have been accelerated because of nonpayment then the payment of said note was actually accelerated on April 1, 1955. He further contends this is true because plaintiff in his suit asks for interest from April 1, 1955.
We believe the interest ran from maturity date of each installment and in the absence of any overt act by the plaintiff the payments on said note were not accelerated. The Trial Judge in his judgment granted interest from December 13, 1961, the date the suit was filed.
The interest runs from the date of maturity of each installment and there are six (6) monthly installments which had not prescribed when this suit was filed, namely, the installments maturing on Janu *56 ary 1st, February 1st, March 1st, April 1st, May 1st, and June 1st, 1962. Plaintiff is entitled to have interest on these installments from those dates.
Plaintiff contends a suit was filed on this note by Guaranty Bank & Trust Co., v. Harrison Knox No. 3221 City Court of Hammond, on March 31, 1961 and this interrupted the running of prescription. He relies on LSA-R.S. 9:5801 which reads as follows:
“The filing of a suit m a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.”
An examination of the record of the Guaranty Bank case shows it was voluntarily discontinued without prejudice and the note returned to the plaintiff on December 11, 1961.
Article 3519 LSA-C.C. first paragraph reads as follows:
“If the plaintiff in this case, after having made his demand abandons or discontinues it, the interruption shall be considered as having never happened.”
The case of Harrison v. Meyer, 1870, 22 La.Ann. 580, affirmed 92 U.S. 111, 23 L.Ed. 606, holds:
“Commencing a suit, afterwards voluntarily discontinued, does not suspend the running of prescription.”
See also Cassou v. Robbert, 1928, 166 La. 101, 116 So. 714; Gardere v. Foucher, 4 Mart, N.S., 352; Meyers v. Berotte, 41 La. Ann. 745, 6 So. 607.
In the Guaranty Bank v. Knox case the plaintiff abandoned the matter entirely and disposed of the note. It could not refile the suit. We, therefore, hold that the filing c-f this suit did not interrupt the running of prescription.
Therefore, it is ordered, adjudged and decreed that the judgment of the District Court be amended by allowing interest on $10.00 at the rate of 8% from January 1st, 1962; $10.00 from February 1st, 1962; $10.-00 from March 1st, 1962; $10.00 from April 1st, 1962; $10.00 from May 1st, 1962 and on $10.00 from June 1st, 1962 and as amended the same is affirmed.
Amended and affirmed.