BARNETTE, Judge.
The plaintiff, Ashton P. Collin, brought suit aganist G. Wray Gill seeking payment of the balance alleged to be due on a certain chattel mortgage note in the principal sum of $5,000 with interest and attorney’s fees. The defendant admitted signing the note in question but pleaded alternatively want of consideration, payment, and prescription. There was judgment for plaintiff for $3,300 with interest and attorney’s fees. The exception of prescription was specifically overruled. The defendant has appealed suspensively.
Suit was filed March 5, 1965. The note in question is dated “July 1st, 1959,” payable to “ ‘Myself’ ” and endorsed in blank by the maker, “G. W. Gill Sr.” It is in the principal sum of $5,000 payable in five quarterly installments of $500 each, beginning “October 1st, 1959,” with the “final installment of $2,500.00 due January 1st, 1961,” with interest at 6 percent from “date” until paid. It provides for payment *621 of attorney’s fees of 25 percent of principal and interest in the event of suit for collection, and contains the usual acceleration clause at the option of the holder. The note is paraphed for identification with an act of sale ánd chattel mortgage of the same date.
After issue was joined, but before trial below, a stipulation of agreement was signed by attorneys for plaintiff and defendant and approved by the plaintiff. The defendant did not sign the stipulation indicating his approval. The substance of the stipulation was that defendant would pay $3,500 in full settlement within 30 days if plaintiff would agree to withhold further action during that period and then dismiss the suit in the event of payment within the time agreed. In default of payment within 30 days, it was agreed that plaintiff would then have judgment for the full amount of the note, less credits, and defendant would waive all rights to contest the suit or to appeal.
On trial below the plaintiff filed the note in evidence without objection. When plaintiff offered the stipulation, defendant objected on the ground that it was evidence of an attempt to compromise and further that it was never approved by defendant. It was admitted in evidence with defendant’s objection going to its effect. With this the plaintiff rested his case.
After first denying his attorney was given authority to execute the stipulation on his behalf, defendant testified at length about a series of oil and gas lease transactions between himself and the plaintiff to explain how and why the note was given. Much of his testimony was an attempt to alter or contradict by parol testimony the terms of a written instrument, namely, the act of sale and chattel mortgage. No basis for such evidence as an exception to the parol evidence rule was laid and we think it was therefore inadmissible; but this is not material to a decision in this case.
The act of sale and chattel mortgage, with which the note is properly identified, names Ashton P. Collin and Son, a partnership, as the vendor and mortgagee and the defendant, G. W. Gill, Sr., purchaser and mortgagor. It purports to sell and convey title of a certain truck and trailer to Gill for the price of $5,000, for which the note was given, with chattel mortgage on the truck and trailer being given as security for payment. There is nothing unusual about the sale and mortgage and the instrument is in proper form. It was offered in evidence by defendant.
The defendant attempted to show by a lengthy explanation of his oil and gas business relations with plaintiff that no consideration was given for the note, and that the purported sale and chattel mortgage, as well as the note, were executed as an accommodation to the plaintiff. He further testified that the truck and trailer were given in part payment of $7,500 for a mineral interest. While no valuation was specifically placed on the truck and trailer, there was testimony that Collin was supposed to pay $2,500 and the truck and trailer would make up the difference. Apparently this payment was never made and the transfer of mineral interest was never consummated, which defendant testified resulted from the failure of a Mississippi oil venture. This took place between April and July, 1959. The act of sale and chattel mortgage and note were executed on July 1, which, according to defendant, was an accommodation on his part in an effort to help Collin protect the truck from possible seizure by the driller, E. B. Duncan.
Sometime thereafter Duncan took the truck and trailer to Shreveport, Louisiana, in assertion of a claim for payment of an amount alleged to be due him. In June, 1960, the defendant Gill procured the release of the truck and it was returned from Shreveport to New Orleans.
In November, 1960, the truck was sold to T & R Demolishing & Construction Co., Inc., for $1,700. Lawrence Rodriguez, President of T & R, testified that the purchase was made at the office of Mr. Collin’s attorney and that as part payment *622 he gave his note for $700. The note dated November 15, 1960, payable to Ashton P. Collin in that amount, was filed in evidence. It is payable at the rate of $200 per month beginning December 15 and signed “T & R Demolishing & Const. Co. Inc, Lawrence Rodriguez, President.” It is endorsed “Lawrence Rodriguez” and “G. W. Gill.” A notation on the back of the note dated December 19, 1960, shows payment of $500 “leaving a balance of $200” and signed “Ashton Collin.” The truck was later sold by T & R. The assignment of title, filed in evidence, purports to be signed by T & R Demolishing & Construction Co. by Lawrence Rodriguez, President, and “George W. Gill.”
The defendant contends that with the sale of the truck to T & R the $5,000 note and the mortgage were cancelled, but the note was not returned to him. In support of this contention defendant filed in evidence an undated statement addressed to him on a printed statement form of Ashton P. Collin & Son. The statement shows the $5,000 note followed by notations of dates and amounts of payments totaling $1,700 from February 18, 1960, to February 25, 1961. Among the items of credit shown is a check for $200 dated July 15, 1960, returned marked “NSF,” but later made good by payment on August 2, 1960. The defendant acknowledges the check and it is filed in evidence.
From these facts there is only one conclusion which we can reach; that is, when the sale of the truck was made to T & R, Collin was to receive the payment therefor in consideration for release and cancellation of the chattel mortgage which he held as security for Gill’s note. There is no other explanation for Gill’s endorsement of T & R’s note and the purchase payments being made to Collin.
The defendant argues that the above statement must be construed as a final and complete discharge of the alleged note because it ends with the word “Balance” followed by no further figure. Counsel interprets this to mean that no balance is due. We do not agree. We might just as reasonably speculate that Collin did not take the trouble to compute the exact balance because of the difficulty in computing the interest on the changing balances from the respective dates of payment.
The credits amounting to $1,700, as shown by the statement filed in evidence by defendant, are more than alleged by plaintiff. However, plaintiff’s counsel in brief filed in this court makes no issue on this point and accepts defendant’s figure of $1,700 credit and asks for affirmance of the judgment for $3,300 plus interest and attorney’s fees.
The defendant’s plea of prescription was based on the contention that under the provisions of the acceleration clause, the note fully matured on default of the first installment, October 1, 1959, and thus prescription had run when suit was filed more than five years thereafter on March 5, 1959. Whether or not the note fully matured on October 1, 1959, without an exercise of the option by the holder to accelerate maturity will not be considered since in any event prescription was interrupted by payments made. Admittedly defendant made the payment of $200 by check July 15, 1960, returned and made good on August 2, 1960. The exception of prescription therefore was properly overruled.
The judgment appealed from cannot be affirmed in its present form. It is in error in respect to the manner in which credit for the $1,700 payments was given. Furthermore the dates and method used in computing interest were not consistent with the provisions of the note. By the terms of the note, interest runs from “date” and not from maturity of the respective installments. For this reason the judgment must be recast, and as recast will be affirmed.
It is therefore ordered, adjudged and decreed that the exception of prescription be overruled and that there be judgment *623 herein in favor of the plaintiff, Ashton P. Collin, against the defendant, G. Wray Gill, in the sum of $5,000 with 6 percent per annum interest thereon from July 1, 1959, subject to credit of the amounts paid on the dates respectively as follows:
$250 paid February 18, 1960;
250 paid April 25, 1960;
200 paid August 2, 1960;
300 paid November 18, 1960;
500 paid December 19, 1960; and
200 paid February 25, 1961,
until paid, together with 25 percent on said principal and interest as attorney’s fees and all costs of court.
As thus recast the judgment appealed from is affirmed at appellant’s cost.
Recast and affirmed.