BLANCHE, Judge.
This is an appeal from a judgment rendered in a suit on a promissory note in favor of plaintiff, A Second Mortgage Company of Baton Rouge, Inc., and against defendants, Franklin C. Gatlin, Jr., and Ollie Lee E. Gatlin, in solido, in the sum of $7,990, together with eight percent per an-num interest from November 15, 1960, until paid, attorney’s fees and costs. Defendants perfected this devolutive appeal, and in this Court filed a peremptory exception urging prescription. Appellants concede that the only issue presented on this appeal is the efficacy of this exception.
Louisiana Code of Civil Procedure Article 2163, the procedural authority for filing such an exception in this Court, provides the following:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
“If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
Plaintiff-appellee contends in opposition to this exception that proof of the ground therefor does not appear of record and further contends that Article 2163 permits only the plaintiff to demand a remand of the case to the trial court which plaintiff has not done.
*585 Our review of the record, however, convinces us that there is proof therein supporting the plea of prescription. This plea, which is based on Louisiana Civil Code Article 3540,[1] is good if the suit on the promissory note was instituted more than five years after the note became “payable.” The note sued upon is in the sum of $8,460 payable in thirty-six equal monthly installments of $235 each, the first being due on October 15, 1960, with successive installments due on the fifteenth day of each succeeding month. The note further provides for eight percent per annum interest from maturity until paid and contains the following acceleration clause:
“In the event that any installment of this note, or any interest thereon, is not paid promptly when due, this note and each and every installment thereof shall, ipso facto, and without any demand or putting in default, become immediately due and exigible.” (Plaintiff Exhibit-1)
In Dassau v. Seary, 158 So.2d 243 (La.App. 4th Cir. 1963), the Court held that a note, which was payable in monthly installments and which contained a provision that in the event the maker became in arrears, without demand, the note was to become immediately due, became due upon maker’s default on the first monthly installment, and prescription began to run at that time on all installments of the note and accrued as to the entire note five years thereafter. Counsel for plaintiff argues that this case is not the law of Louisiana or at least of this Court and cites our case of Anthon v. Knox, 155 So. 2d 53 (La.App. 1st Cir. 1963) in support of his contention. It is clear from an examination of the two opinions, however, that in Anthon the note sued upon did not contain an ipso facto or automatic acceleration clause but rather contained a clause giving the holder the option to declare the entire note due upon default in payment of any one monthly installment. This distinction between an ipso facto or automatic acceleration clause and an option clause was discussed in the Dassau case. We are satisfied there is no conflict between the cases inasmuch as they treat different types of instruments; and since the case presently before us contains the ipso facto or automatic acceleration clause, we feel the rule announced in Dassau is applicable.
Counsel for plaintiff further argues that proof of the plea of prescription does not appear of record inasmuch as plaintiff alleged a principal balance of $7,990, which counsel argues reflects that the two monthly installments were paid, but the record fails to reflect when these payments were made. The judgment rendered and signed in this matter, however, allows eight percent interest from November 15, 1960, until paid, as prayed for by plaintiff in its amended petition, and under the terms of the note, such interest would only be due from maturity of the note. Since the judgment allows interest from November 15, 1960, this can only mean that under the automatic acceleration clause the entire note became due and payable at maturity or on November 15, 1960. This being the case, it is also clear that the suit filed on this note on October 6, 1967, was filed more than five years from maturity of the note, thus supporting the plea of prescription on the face of the pleadings as well as by virtue of the transcript of the proceedings before the trial court. Stated otherwise, there is simply no way that the judgment rendered and signed in this matter can properly allow interest from November 15, 1960, without giving rise to the necessary corollary that the entire note became due and exigible or matured on that *586 same date and thus became “payable” for purposes of determining when prescription commenced to run under Civil Code Article 3540 and Dassau v. Seary, cited supra. Indeed, the prayer of plaintiff’s amended petition asks for interest from this date, and counsel for plaintiff likewise requested judgment for such interest in the proceedings before the trial court. (Record, page 51)
We are satisfied, accordingly, that the judgment which provides for eight percent interest from November 15, 1960, until paid cannot be upheld in the face of the peremptory exception urging prescription since the record reflects the suit was filed more than five years thereafter. We are aware that plaintiff has not demanded that the case be remanded to the trial court for trial of the exception urging prescription as plaintiff is entitled to under Code of Civil Procedure, Article 2163. However, Code of Civil Procedure, Article 2164, vests this Court with authority to render any judgment which is just, legal and proper upon the record on appeal, and our courts have uniformly held that under the broad authority granted by this provision an appellate court is empowered to remand the case when the interests of justice so dictate. We feel that under the circumstances plaintiff should be given an opportunity to show that the prescription appearing on the face of the record before us did not accrue or was interrupted in a manner provided by law, and we will therefore remand this case to the trial court for a trial of this exception, even though plaintiff made no such request for remand, cf. Randol v. Lawrence, 178 So.2d 807 (La.App. 2d Cir. 1965).
The judgment of the trial court is reversed and this suit is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are assessed to the plaintiff with the remaining costs to be assessed in accordance with the final disposition of this cause.
Reversed and remanded.

. Louisiana Civil Code Article 3540:
“Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable.”