CULPEPPER, Judge.
This is a suit on a promissory note against which defendant pleads the prescription of five years. The trial judge sustained the exception and dismissed the suit. Plaintiff appealed.
*1223 The issues are: (1) Did defendant make any payments on the subject note between January 5, 1967 (the note’s accelerated maturity date) and May 13, 1975 (the date plaintiff filed this suit on the note)? (2) If such payments were made, did they interrupt the prescription of five years provided by Article 3540 of the Civil Code?
Plaintiff-appellant is the holder of a promissory note dated November 11,1966 in the sum of $6,673.20. This note was secured by a real estate mortgage and was payable in 60 equal monthly installments, commencing January 5, 1967. Included in the note is an automatic acceleration clause which provides, “failure to pay any one installment shall mature all remaining installments without the necessity of demand or default, they being expressly waived.”
According to ledger sheets introduced into evidence by plaintiff at the trial of the exception of prescription, defendant first defaulted on the note when he failed to pay the full amount of the first installment on January 5, 1967.
Plaintiff filed this suit on May 13, 1975 and defendant responded by filing an exception of prescription. The trial judge sustained the exception without giving reasons.
Plaintiff concedes that where a note is payable in monthly installments and contains an automatic acceleration clause, the note is fully matured and prescription begins running when the maker first defaults on the note. Dassau v. Seary, 158 So.2d 243 (La.App. 4th Cir. 1963); A Second Mortgage Company v. Gatlin, 233 So.2d 583 (La. App. 1st Cir. 1970). See Dainow, The Work of Louisiana Appellate Courts for the 1963-1964 Term, 25 La.L.Rev. 357 (1965). The plaintiff first defaulted on January 5, 1967 at which time the prescription period of five years began running. Since suit was filed more than five years after default, plaintiff has the burden of proving that prescription was interrupted.
At the trial of the exception only two witnesses testified: (1) The defendant and (2) the manager of Morgan’s Discount, the plaintiff. Plaintiff introduced the following business records to prove that defendant made payments on the note between 1968 and 1972: (1) Five receipts of payments on printed, numbered forms stating that payments of various amounts were received from Belote on these dated: February 3, 1969; October 16, 1969; October 12, 1970; October 12, 1971; and one receipt upon which the date is illegible. (2) A ledger sheet showing the dates and the amounts of payments made on the note including entries corresponding to the dates and amounts shown on receipts listed above. (3) A work sheet recording the dates that employees of plaintiff contacted defendant by telephone to discuss defendant’s account.
On cross-examination, defendant was asked whether he made the payments evidenced by each of the five receipts introduced at the trial of the exception. His testimony in response to these questions was equivocal. Defendant was asked whether he made the payment specified on the receipt of February 3,1969. He replied, “Oh, I don’t know about that particular payment.” Referring to the October 16, 1969 payment receipt, defendant said, “I can’t say which payment I made and which I didn’t, you know. I don’t think I could have made anything like that around that time.” When questioned about the October 12,1970 payment receipt, defendant replied, “Again, I can’t tell you.” With regard to the October 12, 1971 payment receipt, defendant equivocally remarked, “I don’t think I could have made that one, no sir.” Defendant never firmly denied making any of the payments evidenced by the written receipts and ledger sheets. Therefore, we conclude that defendant made payments on the note as late as October 12, 1970. The trial judge stated no opinion on this factual issue, as his judgment was not accompanied by reasons.
The question remaining is whether these payments interrupted the five year prescription period provided by Article 3540 of our Civil Code. Plaintiff argues that this question was answered in Collins v. Gill, 216 So.2d 620 (La.App. 4th Cir. 1968), writ refused 253 La. 644, 219 So.2d 176. In *1224 Collins, the defendant’s plea of prescription was based on the contention that under the provisions of an acceleration clause, a note fully matured upon default of the first installment and thus prescription had run when the suit was filed more than five years thereafter. The court held that prescription would be interrupted by payments made after the note matured. The rule laid down in Collins is based upon the fundamental principle that partial payment by the debtor after the note matures is an acknowledgment which interrupts prescription. LSA-C.C. Article 3520. In the present case, prescription was interrupted when defendant made a partial payment on the note in October of 1970. Suit was filed on May 13, 1975, within the five year prescription period. Therefore, the trial court erred in sustaining defendant’s plea of prescription.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of the plaintiff overruling defendant’s exception of prescription. This case is remanded to the District Court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.