353 So.2d 301 (1977)
Hudson THOMAS, Administrator of the Succession of Emma T. Jackson
v.
Johnnie A. JONES.
No. 11566.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused February 17, 1978.
*302 John Williams, Baton Rouge, of counsel, for plaintiff-appellee, Hudson Thomas, Administrator of the Succession of Mrs. Emma T. Jackson.
Johnnie A. Jones, pro se.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Defendant (Appellant) appeals from judgment rendered against him on a written agreement changing the method of payment of a promissory note and providing for interest not included in the note. The trial court found that forbearance of the holder to institute suit thereon after maturity was sufficient consideration for the new agreement. We affirm.
The note was executed May 29, 1961, payable to Emma T. Jackson, now deceased (Decedent), represented herein by the Administrator of her estate, in the sum of $9,826.50, payable two years after date, bearing no interest, and providing for 10% attorney's fees in the event the note was sued upon for collection.
*303 At maturity on May 29, 1963, Appellant did not pay the note. On June 28, 1965, Appellant still having made no payment whatsoever, a written agreement was confected between Decedent and Appellant, wherein Appellant waived prescription, admitted having made no payment and agreed to pay the amount due, with interest at 5% from May 29, 1961, in weekly payments of $25.00, payment to be credited first to interest due.
Between June 28, 1965 and September 27, 1972, Appellant made approximately 60 payments, not in weekly order, varying in amount from $25.00 to $1,225.00. On January 23, 1975, the Administrator filed suit on the note and agreement, Appellant having made no payment since September 27, 1972.
Appellant defends the action on the ground that the agreement of June 28, 1965 is unenforceable for lack of consideration because his promise to pay what he was already bound to pay does not constitute consideration for a new agreement. Appellant also maintains the obligation is prescribed pursuant to the 5 year prescriptive period provided by La.C.C. Article 3540. Lastly, Appellant maintains he did not agree to pay interest from the date of the original note, but only from June 28, 1965, and that he signed the agreement without reading it, under the mistaken impression it called for interest only from June 28, 1965. Appellant has not, however, alleged fraud.
The record establishes conclusively that the June 28, 1965 agreement, which incorporated the original note in full, was confected because the note was long past due, totally unpaid, and Decedent was threatening to file suit thereon. It also establishes that Appellant was unable to pay the note and the new agreement was entered into in consideration of Decedent forbearing to sue to reduce her claim to judgment.
We find as fact that Appellant thoroughly understood the content of the agreement which he personally signed and dated. We also find that Appellant voluntarily signed the agreement and that he was not deceived or misled in any manner.
Appellant correctly argues that an agreement to do what one is already bound to do is not cause for an agreement to do the same thing. Lee v. National Cylinder Gas Company, 58 So.2d 568 (La.App. Orleans, 1952). This rule, however, is inapplicable herein because the agreement of June 28, 1965 was a new contract, obligating Appellant to pay in weekly installments instead of a lump sum and also obligating him to pay interest which he was not previously bound to pay. Appellant agreed to different obligations, not the same as those initially incurred.
Forbearance to exercise or pursue a legal remedy to which one is entitled is sufficient cause to support the promise of another party who may be adversely affected by the enforcement of the remedy. Benner v. Van Norden, 27 La.Ann. 473 (1875); See also 17 C.J.S. Contracts §§ 103-109; Note, 13 La.L.Rev. 603 (1953).
Under the circumstances of this case, the premature waiver of prescription by Appellant is of no moment. A promissory note prescribes five years after its due date. La.C.C. Article 3540; Industrial Loan Co. of Monroe v. Noe, 183 So. 175 (La.App. 2d Cir. 1938).
Payment on a note interrupts prescription; consequently, prescription does not accrue until the lapse of five years after the last payment thereon. Cambre v. Gerald, 246 So.2d 73 (La.App. 4th Cir. 1971); Collin v. Gill, 216 So.2d 620 (La.App. 4th Cir. 1968).
In this instance the note matured May 29, 1963. Appellant began making payments thereon on July 7, 1965, well within five years of due date. Appellant made payments in 1965, 1966, 1967, 1968, and 1969. He also made payments on April 15, 1970, March 12, 1971, and September 27, 1972. Each payment interrupted prescription. There was no five year period intervening between payments. Suit was instituted within five years of the last payment and was therefore timely.
The judgment is affirmed at Appellant's cost.
Affirmed.