CHIASSON, Judge.
This is a suit on a promissory note by the plaintiff holder, Home Finance Corporation, against the defendant maker, Louis L. Fisher, in the principal sum of $1984.28. The note was executed on August 29, 1969, in the amount of $2096.28 payable to plaintiff in 36 monthly installments of $58.23 each, plus interest at the rate of 8% per annum from September 15,1974, and 20% additional upon principal and interest as attorney’s fees. The first payment was due on October 15, 1969, and the note provided:
“Default in the payment of any installment hereof, shall, at the option of the holder hereof, and without notice or demand, render the entire balance at once due and payable.”
No payments were made on the note until February of 1975, and those that were made were paid in the following manner:
February, 1975 $ 34.00
June, 1975 t 42.00 '
t February, 1976 ' 36.00
$112.00
Suit was filed on August 9, 1976, and in response thereto the defendant filed the peremptory exception of five years prescription based on La.C.C. Article 3540. The exception was dismissed by the trial court and the defendant filed an answer generally denying the allegations of the plaintiff’s petition.
The trial court rendered judgment in favor of plaintiff and against the defendant in the amount of $1984.28 with interest thereon at the rate of 8% per annum from August 9, 1976, until paid, together with 20% additional on principal and interest as attorney’s fees.
The defendant, Louis L. Fisher, has taken this appeal; the plaintiff, Home Finance Corporation, has not answered nor has it appealed.
Defendant first contends that because he defaulted on the first payment due, the entire balance of the note became immediately due in October of 1969 and began the running of prescription which accrued as to the entire note five years thereafter in October of 1974, which was before any payment or the filing of the suit herein.
The answer to this contention is that the acceleration clause in the note quoted above was not automatic and that the plaintiff holder never exercised its option to accelerate the maturity of the note.
Defendant’s alternative contention is that all installments due more than five years before the filing of this suit, i. e. August 9, *465 1971, are prescribed and the principal bal-anee is reduced to the sum of $815.22.
We find, as both parties apparently agree, that the trial judge was in error in dismissing the defendant’s exception of prescription as to all 36 installments under the note.
The following rule pertinent to the facts presented herein was stated in Anthon v. Knox, 155 So.2d 53 (La.App. 1st Cir. 1963):
“ ‘. . . where there is an acceleration clause giving the creditor the right upon certain contingencies to declare the whole sum due, the statute begins to run, only with respect to each installment, at the time the installment becomes due, unless the creditor exercises his option to declare the whole indebtedness due, in which case the statute begins to run from the date of the exercise of the option.’ ”
By the time of the first payment in February of 1975, five years had elapsed from the time of the due date of each of the first five installments, i. e., on the installments which were due from the months of October 15, 1969, to February 15, 1970. Thus, the payment in February of 1975 served to interrupt prescription on all installments due after February 15, 1970,[1] i. e., those due from March 15, 1970 to September 15, 1972, a total of 31 installments at $58.23 representing the sum of $1805.13. Since payments were made in the amount of $112.00 the defendant is therefore entitled to a credit of that amount leaving a principal balance of $1693.13.
Plaintiff, not having appealed or filed an answer to the appeal, is not entitled to have the interest begin on September 17, 1974, instead of on August 9, 1976, as allowed by the trial court.
Accordingly, the exception of prescription is maintained as to the first five installments and dismissed as to the remaining installments. The judgment of the trial court is amended to reduce the principal sum to the amount of $1693.13, and affirmed in all other respects.
Costs of this appeal are to be equally divided between the parties.
AFFIRMED IN PART, REVERSED IN PART, AND AMENDED,

. See: Collin v. Gill, 216 So.2d 620 (La.App. 4th Cir. 1968), writ refused; Morgan’s Discount Corporation v. Belote, 338 So.2d 1222 (La.App. 3rd Cir. 1976); Thomas v. Jones, 353 So.2d 301 (La.App. 1st Cir. 1977).