401 So.2d 421 (1981)
The AMERICAN INSURANCE COMPANY et al.
v.
Doize M. HOLLAND.
No. 14128.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied August 5, 1981.
Michael R. Daigle, New Orleans, for plaintiff-appellee.
Bernard S. Smith, Covington, for defendant-appellant.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This suit involves the following causes of action arising from a motor vehicle accident: (1) by The American Insurance Company to recover sums to which it was subrogated upon paying its named insured the sum of $1,454.69 under the collision coverage of its policy; (2) by Edwin Harvey as trustee of American to recover the sum of $749.40 paid by American to Harvey under the uninsured motorist clause of that policy; (3) by Phyllis Harvey as trustee of American to recover the sum of $3,856.80 paid by American to Mrs. Harvey under the uninsured motorist clause of that policy; and (4) by Edwin Harvey to recover the sum of $100.00 deductible under the collision coverage of said policy. Doize Holland and her *422 husband Harold Holland, were named defendants. Mrs. Holland reconvened. The trial court rendered judgment in the amounts stated against only Mrs. Holland and dismissed the reconventional demand. Mrs. Holland appealed, and American and Harvey answered the appeal, seeking judgment against Harold Holland as well as Mrs. Holland. We affirm.
The attempted answer by American and Harvey to Mrs. Holland's appeal is without legal effect as to Mr. Holland. This court is without jurisdiction over Mr. Holland, although the claim against him, if properly presented, might have had merit, for the reason that only Mrs. Holland appealed, and no appeal was taken from the judgment in favor of Mr. Holland. An answer to appeal is effective only as to an appellant. See LSA-C.C.P. art. 2133; Ogaard v. Wiley, 325 So.2d 642 (La.App. 3d Cir. 1975); Smith v. Girley, 242 So.2d 32 (La.App. 1st Cir. 1970).
On July 28, 1977, Mrs. Holland was driving a car owned by herself individually in a westerly direction on Caroline Street approaching Louisiana Highway 59 in St. Tammany Parish. She stopped at a stop sign which gives the right of way to Highway 59, and proceeded into the intersection. She struck an automobile proceeding in a southerly direction on Highway 59, which was driven by Phyllis Harvey and owned by Edwin Harvey, her husband, a passenger in the Harvey vehicle. Both of the Harveys sustained physical injuries, and the Harvey vehicle was damaged. Mr. Harvey was paid for damage to his automobile by American under collision coverage of his policy issued by that company, less the $100.00 deductible, and Mr. and Mrs. Harvey were both paid for their personal injuries, pain and suffering, and loss of wages under the uninsured motorist clause of that policy. The present lawsuit against Mr. and Mrs. Holland was then filed.
The Hollands assert many arguments in brief, almost all of which we are convinced, after careful review of the transcript of testimony, pleadings, and exhibits, and the applicable law, are totally devoid of merit, and deserve no written mention in this opinion.
We note that Edwin Harvey was awarded the sum of $749.40 for medical expenses, and pain and suffering. It is quite true that one portion of Mr. Harvey's testimony, taken out of context, would seem to indicate that he was entitled to only $20.00 for medical expenses, and to no sum for pain and suffering. However, another portion of Mr. Harvey's testimony indicates that he still suffers pain as a result of the accident. We cannot say that the trial court, which had the opportunity to view the witnesses on the stand, abused its "much discretion" or erred in allowing the sum of $749.40 as subrogated damages. LSA-C.C. art. 1934.
We affirm the judgment of the trial court, at the cost of Mrs. Holland.
AFFIRMED.