414 So.2d 823 (1982)
Jimmy W. WHEAT
v.
FORD, BACON AND DAVIS CONSTRUCTION CORP., et al.
No. 82 CA 0105.
Court of Appeal of Louisiana, First Circuit.
May 11, 1982.
Donald Fendlason, Bogalusa, for plaintiff.
Iddo Pittman, Jr., Hammond, for defendant-appellant.
John W. Anthony & R. Bradley Lewis, Bogalusa, for defendants H. L. Richardson & Commercial Union Ins. Co.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
The motion to dismiss the appeal of this workmen's compensation case arose from the following circumstances.
Plaintiff claimed that he was initially injured while employed by Ford, Bacon & Davis Construction Corporation, insured by Aetna Casualty and Surety Company. He further claimed that his condition was aggravated while employed by H. L. Richardson, d/b/a H & L Construction Company, insured by Commercial Union Insurance Company. He alleged solidary liability of the two sets of defendants.
On November 13, 1981, judgment was signed casting the first employer and its insurer for partial disability and dismissing the claim against the second employer and its insurer. Notices of judgment were sent on November 17.[1] By motion filed on November 23, the first employer and insurer asked for a new trial. This motion was denied on December 2 without hearing. Notice of the denial was sent on January 4, 1982. The first employer and its insurer filed a petition for suspensive appeal on January 6, 1982. The order was signed on January 11, 1982 and appeal bond was filed on January 26. The record was lodged on February 16, 1982. Plaintiff filed an answer *824 to the appeal on February 23, 1982, asking for relief against both sets of defendants. In brief, the first employer asserts that the second employer should be liable. The second employer and insurer filed a motion to dismiss the appeal and the answer to the appeal insofar as they relate to the movers.
The motion to dismiss the appeal is denied. An appeal by a defendant cast in judgment brings a codefendant responsible in solido if at all, before the appellate court even though no third party demand has been filed. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963); Smith v. Girley, 242 So.2d 32 (1st Cir. 1970), modified 260 La. 223, 255 So.2d 748 (1971); Roy v. Edmonson, 221 So.2d 583 (4th Cir. 1969).
The motion to dismiss the answer to the appeal insofar as it attempts to secure relief against the second employer and its insurer is granted. An answer to an appeal is effective only as to an appellant. American Insurance Company v. Holland, 401 So.2d 421 (1st Cir. 1981); Ogaard v. Wiley, 325 So.2d 642 (3d Cir. 1975); Smith v. Girley, supra.
Motion to dismiss appeal denied. Motion to dismiss answer to appeal granted only insofar as it seeks relief as to H. L. Richardson d/b/a H & L Construction Company and Commercial Insurance Company.
NOTES
[1] The first employer and its insurer had filed a request for notice of any order or judgment on March 25, 1980.