430 So.2d 1322 (1983)
GULF SHIPPING CO.
v.
Andrew T. McQUILLING, et al.
No. 82-CA-185.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
Rehearing Denied May 18, 1983.
The Aaron Law Firm, Ltd., William D. Aaron, Jr., New Orleans, for defendants-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Edward H. Bergin, New Orleans, for plaintiff-appellee.
*1323 Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This appeal involves the applicability and validity of an executory process. The case comes before us on appeal from the trial court allowing Gulf Shipping Company (Plaintiff) the opportunity to commence proceedings against Andrew T. McQuilling, et al. (defendant) to foreclose a debt evidenced by a promissory note and secured by an act of mortgage via executory process, notwithstanding the existence of an in personam money judgment.
The source of this litigation can be traced back to April of 1976, when a dispute arose between the plaintiff and its then employee, Andrew T. McQuilling, III. The controversy concerned the alleged misuse of company funds entrusted to the defendant. Subsequent to this discovery, a resolution to the problem was perfected; whereupon the defendant agreed to pay the plaintiff the sum of $13,834.05. On April 22, 1976, the defendant evidenced the agreement to pay the subject amount by executing the following documents:
1. A demand note dated April 22, 1976, payable to the order of Gulf Shipping Company, in the principal amount of $13,834.05, and providing for conventional interest at the rate of 8% per annum from date of note until paid; and,
A document dated April 22, 1976, entitled "Confession of Judgment by Andrew T. McQuilling, III to Gulf Shipping Company" and providing for a confession of judgment in favor of Gulf Shipping Company in the amount of $13,834.05 plus conventional interest at the rate of 8% per annum plus all costs of court.
The demand (promissory) note was paraphed for identification with the act of mortgage. In the mortgage document, the defendant admitted indebtedness and further confessed judgment in favor of the plaintiff. Furthermore, the defendant's wife also executed the mortgage instrument so that the homestead exemption could be waived. The immovable property covered by the mortgage was the McQuilling residence located in Kenner, Louisiana.
On April 30, 1976, a suit was instituted in Jefferson Parish by the plaintiff involving the exact described indebtedness against the defendant. Concurrent on the date this lawsuit was commenced, the defendant filed an answer confessing judgment, and as a consequence the trial judge rendered judgment in favor of the plaintiff and against the defendant in the amount of $13,834.05 plus legal interest from date of judicial demand together with all costs of court.
Subsequent to the rendition of April 30th judgment, the president of the plaintiff corporation advised the defendant that Gulf Shipping Company would be willing to accept payments in monthly installments in amounts of $100.00 from May 15, 1976 through September 15, 1976 and thereafter in the amount of $200.00 per month. The following is a breakdown of the schedule of monthly payments tendered by the defendant:

May 19, 1976 $100.00
June 14, 1976 $100.00
July 16, 1976 $100.00
October 1, 1976 $ 50.00
October 8, 1976 $ 25.00
October 15, 1976 $ 25.00
October 22, 1976 $ 25.00
 _______
Total: $425.00

No payment has been received by the plaintiff from the defendant since October 22, 1976.
With regard to these seven payments there exists a dispute as to whether they were made in contemplation of liquidating the April 30th judgment or were instead made as consideration for the plaintiff keeping the defendant and his family covered on the company hospitalization insurance.
After several years, on September 28, 1981, the plaintiff commenced another proceeding to foreclose on the promissory note and mortgage dated April 22, 1976 via executory process. Pursuant to the Petition for *1324 Executory Process, the trial court signed an order of executory process and a writ of seizure and order was issued to the sheriff of Jefferson Parish directing him to seize the property described in the act of mortgage dated April 22, 1976. The property was seized and was originally scheduled for sale by the sheriff on December 9, 1981.
However, on November 25, 1981, the defendant filed a petition for a temporary restraining order, preliminary injunction, permanent injunction and damages and attorney's fees. Pursuant to this petition, a temporary restraining order was issued restraining the sheriff from proceeding with the sale of the encumbered immovable property.
On December 4, 1981, a preliminary injunction hearing was held and the trial court subsequently rendered judgment on February 22, 1982 denying the defendant's request for a preliminary injunction, terminated the temporary restraining order previously in effect, and ruled in favor of the plaintiff as to the matters of the permanent injunction, damages and attorney's fees for wrongful seizure. It is from this judgment that the defendant has appealed.
On appeal the defendant raises the following issues for our consideration:
A. The Appellee waived its right to enforce the demand note and mortgage dated April 22, 1976 by obtaining an in personam money judgment against the Appellant, Andrew T. McQuilling, III on April 30, 1976 and based on his answer confessing judgment. The obtaining of said judgment barred the subsequent enforcement of the aforesaid mortgage via an ordinary proceeding as well as via an executory proceeding because;
1. The consent judgment dated April 30, 1976 constituted a novation of the note dated April 22, 1976, and hence the said note and the mortgage given as security therefor are both unenforceable. The said judgment also had the effect of voiding and superceding the "confession of judgment" contained in the mortgage of April 22, 1976, and hence said mortgage was not an authentic act importing a valid confession of judgment at the time the defendant's executory proceeding was commenced.
2. The mortgage dated April 22, 1976 was voluntarily renounced by the Appellee by its failure to have same recognized and maintained in the judgment of April 30, 1976, and hence the said mortgage was extinguished by operation of law and no longer susceptible to enforcement.
3. Enforcement of the demand note dated April 22, 1976 and the conventional mortgage given as security therefor is barred by the doctrine of Res Judicata.
4. Enforcement of the demand note dated April 22, 1976 and the conventional mortgage given as security therefor is barred by the doctrine of Election of Remedies.
B. Prescription had run on the demand note dated April 22, 1976 and hence neither it nor the mortgage of even date could have been enforced.
C. The seizure of the Appellants' residence was clearly unlawful, and damages and attorney's fees should have been awarded by the court below. The said court should have also granted a permanent injunction with respect to the enforcement of the note and mortgage dated April 22, 1976.
With respect to the first issue on appeal, we hold that it is without merit.
The defendant's argument is interesting and is good law, but is not applicable to this factual setting.
Novation is the extinguishment of an existing obligation and the substitution, in its place, of a new obligation. It is an affirmative defense which must be "affirmatively set forth" in the answer to a demand, or otherwise factually pleaded so as to afford "fair notice" of the defense to the plaintiff. (See LSA-C.C.P. Art. 1005); Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La.1974) and Paxton v. Ballard, 289 So.2d 85 (La.1974). The defendant's pleading did *1325 not raise the affirmative defense of novation in express terms or by an assertion of sufficient facts which would afford "fair notice" to the plaintiff that he was attempting to raise such a defense.
The record does not show that the defendant attempted to raise the affirmative defense of novation in the trial court, or that novation was argued to the trial court. We are not favored with any reasons, oral or written, assigned for the judgment below by the trial court.
The affirmative defense of novation was not properly before the lower court because of the circumstances we have mentioned. As an appellate court, we are authorized by LSA-C.C.P. Art. 2164 to render any judgment which is just and proper on the record, but this authority does not extend to our consideration on appeal of defenses which are required to be pleaded below and which may not be pleaded here. Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. 1973). Under the circumstances of this case, the affirmative defense of novation may not be raised for the first time here on appeal.
As to the second issue presented to the court on appeal, we find it without merit.
The plaintiff did not renounce the mortgage, its effect was operative as to all parties. Under the clear provisions of LSAC.C. Art. 3411, which provides in part:
"Mortgages are extinguished:
. . . . .
5. By the creditor renouncing the mortgage...."
We have no hesitancy in concluding plaintiff did not "renounce" his mortgage insofar as it affected the residence of the defendant, since the evidence clearly reflects that the appellee did not intend to renounce the mortgage. In our opinion, the subsequent judgment was simply an attempt to preserve alternative methods of collection on the debt.
The third issue on appeal is the applicability of the doctrine of Res Judicata. The defendant argues that the requirements under LSA-C.C. Art. 2286 are present and should be applied by this court. We disagree.
The defendant contends that:
1. The real parties in both proceedings are the same. In other words, the parties in the first (ordinary proceeding) and the second (executory process) are the same.
2. That subsequent to the rendition of the judgment through ordinary process a new proceeding (executory process) was commenced based on the same cause as in the first.
3. That the thing demanded in the executory process is the same as that demanded in the ordinary proceeding. The essential elements as required by LSA-C.C. Art. 2286 to apply the doctrine of res judicata are:
(1) the thing demanded must be the same;
(2) the demand must be founded on the same cause of action; and
(3) the demand must be between the same parties.
Although the present suit and the one previously brought by Gulf Shipping against Andrew T. McQuilling arise out of the same underlying debt they do not possess any of these three identities. First, the parties are different since the first suit was brought only against Andrew T. McQuilling, while the latter suit was brought both against Mr. and Mrs. McQuilling. Second, the first suit was a simple suit for money owed, whereas the latter suit was one for foreclosure on a mortgage for failure to pay a promissory note. Third, although both suits would allow Gulf Shipping Company to foreclose against the McQuillings' property, there are differences in the things demanded. The mortgage upon which the latter suit is based provides for a waiver of the homestead exemption, as well as attorney's fees, while the earlier suit seeks only the money owed, plus judicial interest and court costs.
In this state, the doctrine of res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application. The *1326 doctrine of res judicata cannot be invoked unless all its essential elements are present and each necessary element must be established beyond all question. In this case, we do not find that res judicata is applicable.
The defendant's fourth issue concerns the application of the doctrine of Election of Remedies. The defendant contends that under this theory, a creditor who is given a choice between two or more inconsistent or repugnant remedies may choose one of these remedies to the mutual exclusion of the others.
The second Circuit Court of Appeals considered the doctrine of election remedies in Finn v. Employers Liability Assurance Corporation, 141 So.2d 852 (La.App. 2nd Cir., 1962). In that case, the court stated:
"The situation presented here, however, does not truly present a matter for an election of remedies within the meaning of the term that such election would bar or preclude the exercise of any other `option'. An essential of an election of remedies is that there must be an inconsistency, repugnancy, or conflict in remedies." 141 So.2d at 863.
The Third Circuit went on to quote at length from 28 C.J.S. "Election of Remedies" including the following language:
"Where the law furnishes a party with two or more concurrent consistent remedies he may prosecute one or all until satisfaction is had; but a satisfaction of one is a satisfaction of all. He may select and adopt one as better adapted than others to work out his purpose, but his choice is not compulsory or final. Where the remedies afforded are inconsistent, it is the election of one of such remedies which operates as a bar; but where the remedies afforded are consistent it is the satisfaction of the claim which operates as a bar." 141 So.2d at 863 quoting from 28 C.J.S., "Election of Remedies" Section 3, p. 1063 (emphasis supplied by the court).
The present suit does not involve the election of one of two inconsistent remedies such as the case where a party must decide between suing to enforce a contract or suing for the recision thereof. Rather, the two remedies at issue in the present case are entirely consistent and alternative means of collecting the debt owed by Mr. McQuilling. Since the remedies are consistent neither operates as a bar of the other until satisfaction of the debt is had. In the present case since the McQuillings have failed to pay their debt either under the money demand or under the promissory note or mortgage, there has been no satisfaction of the claim and thus no bar to the execution on the mortgage.
We now consider the fifth issue on appeal which involves prescription. The defendant argues that the demand note signed on April 22, 1976 was payable to order and as such it was governed by the prescriptive period outlined in LSA-C.C. Art. 3540 which provides as follows:
"Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by endorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day the engagement were payable." (emphasis added)
The defendant continues his argument by asserting that over five years had run since the date the promissory note first became due, enforcement of the note was barred by prescription and neither it nor the mortgage given as security could have been enforced. Both of said documents should have been deemed null and void.
Although more than five years had passed since the date of the note, prescription was clearly interrupted when the defendant acknowledged the debt by making partial payments. As the plaintiff proved at trial, both through the documentary evidence in the form of checks and money orders, and through the testimony of Mr. Stulb, president of plaintiff corporation, that the defendant made payments on the note through October 22, 1976. In addition, plaintiff introduced the defendant's letter of May 2, 1977 to Mr. Stulb in which he *1327 asked the plaintiff to release the mortgage on his property. In that letter the defendant at several places acknowledged his debt, again interrupting prescription.
The defendant's assertion that his periodic payments to the plaintiff were to cover the cost of some insurance premiums were not proven and are disregarded. The defendant had no documentary evidence to support his story and his story was flatly denied by Mr. Stulb.
Payment on a note interrupts prescription; consequently, prescription does not accrue until the lapse of five years after the last payment thereon. Thomas v. Jones, 353 So.2d 301 (La.App. 1st Cir., 1977).
In this instance the note would have matured on April 22, 1981, however, the defendant began making payments thereon and the last payment received was on October 22, 1976 and suit was commenced September 28, 1981, at least one month before the five year prescriptive period would have lapsed and therefore was timely.
The sixth and final issue which we are to resolve on appeal, involves the unlawful seizure of defendant's residence. As in all previous arguments, we find that this issue lacks merit.
The defendant asserts on appeal that although the plaintiff may have had a right to enforce its judgment of April 30, 1976, via a "writ of fieri facias", it had no right to commence an executory proceeding on September 28, 1981, and hence a "writ of seizure and sale" arising out of the executory process was clearly unlawful. We disagree.
We find no error in the lower court with respect to the seizure of the defendant's residence and the denial of any damages and attorney's fees and refusal of the permanent injunction.
Accordingly, for the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.