CARTER, Judge:
The motion to dismiss the answer to the appeal in this worker’s compensation case arose from the following circumstances.
Plaintiff claimed he was injured while employed as a statutory employee of Reed & Sims, Inc. At the time of his injury, Hermitage Health & Life Insurance Company insured Reed & Sims, Inc. On August 24, 1983, upon finding that Hermitage was not the worker’s compensation insurer of Reed & Sims, Inc., judgment was signed casting Reed & Sims, Inc. for total and permanent disability and dismissing the claim against Hermitage Health & Life Insurance Company. Notices of judgment were sent on August 29, 1983. By motion filed on September 7, 1983, Reed & Sims, Inc. asked for a new trial. This motion was denied on November 23, 1983. Notice of the denial was mailed on November 23, 1983. Reed & Sims, Inc. filed a petition for suspensive appeal on December 19, 1983. The order was signed on December 16, 1983, and the appeal bond was filed on December 20, 1983. Plaintiff filed an answer to the appeal on January 17, 1984, asking for relief from the portion of the judgment dismissing Hermitage Health & Life Insurance Company and assessing attorney’s fees at only $2,000.00.[1] Hermitage filed a motion to dismiss the answer to the appeal filed by plaintiff insofar as it relates to Hermitage Health & Life Insurance Company.
The motion to dismiss the answer to the appeal insofar as it attempts to secure relief against Hermitage Health & Life Insurance Company is granted. An answer to an appeal is effective only as to an appellant. Wheat v. Ford, Bacon and Davis Const. Corp., 414 So.2d 823 (La.App. 1st Cir.1982); American Ins. Co. v. Holland, 401 So.2d 421 (La.App. 1st Cir.1981); Ogaard v. Wiley, 325 So.2d 642 (La.App. 3rd Cir.1975); Smith v. Girley, 242 So.2d 32 (La.App. 1st Cir.1970).
Motion to dismiss answer to appeal is granted only insofar as it seeks relief as to Hermitage Health & Life Insurance Company.
MOTION TO DISMISS GRANTED.

. Plaintiff, however, did not file an appeal requesting a review of Hermitage’s dismissal. In fact, on June 7, 1984, Williams filed a motion to voluntarily dismiss Hermitage.