KLEES, Judge.
In this case, defendant Broadmoor Corporation appeals an award made by the district court to plaintiffs Floyd and Beverly Vicknair and their son Eric for injuries suffered by Beverly and the then unborn Eric on November 3, 1976, when Beverly, then eight months pregnant, was forced to descend twenty-one flights of stairs in response to a false fire alarm. The threshold issue on appeal is defendant’s exception of prescription, which was filed for the first time in this court. For the reasons stated below, we remand this case to the district court for trial of the prescription issue. FACTS
On November 3, 1976, in the early afternoon, a fire alarm sounded in the Hibernia Bank Building and an announcement came over the public address system instructing all occupants of the building to exit using the stairs, rather than the elevators. Beverly Vicknair, who was employed on the nineteenth floor of the building, was forced to descend twenty-one flights of stairs (nineteen floors plus two mezzanine levels). The fire alarm was allegedly set off when employees of Broadmoor Corporation, an independent contractor engaged in doing renovation work in the building, negligently cut an apparently unmarked fire alarm wire.
Later that afternoon after returning to work, Beverly Vicknair, who was then about eight months pregnant with her first child, noticed that she had begun spotting some blood. The spotting continued into the next day, then ceased. Six days after the incident, on November 9, 1976, Mrs. Vicknair went into premature labor and gave birth to her son, Eric, who was not due until late December. At birth, Eric weighed four pounds, four ounces, was cyanotic and required resuscitation. He was ultimately diagnosed as suffering from Hyaline Membrane Disease, a respiratory disorder caused by immaturity of the lungs which is common in premature infants. One hour after his birth, Eric was transferred from Lakeside Hospital to the Neonatal Intensive Care Unit at Ochsner Hospital, where he remained for three days. He was then sent back to Lakeside Hospital for about three weeks before he was released to go home. Throughout his childhood, Eric has contracted an unusually high number of respiratory illnesses, including asthma and allergic airway disease. According to his pediatrician, this abnormally high instance of respiratory disease is related to Eric’s premature birth.
Plaintiffs filed suit on October 25, 1977 against the owner of the building, Hibernia Building Corporation, and its insurer. On October 10, 1978, Hibernia filed a third party complaint against Broadmoor Corporation, alleging that Broadmoor was responsible for setting off the false fire alarm and therefore owed Hibernia full indemnity should Hibernia be cast in judgment. On January 31, 1979, plaintiffs filed an amended petition adding Broadmoor as a defendant.
The case was tried in the Orleans Parish Civil District Court in November of 1982. On the second day of trial, Broadmoor and Hibernia entered into an agreement, which was recited on the record, whereby Broadmoor agreed to fully indemnify and hold harmless Hibernia from any judgment that might be rendered against Hibernia in favor of the plaintiffs. Broadmoor further agreed to assume Hibernia’s defense. The trial judge explained this agreement to the *687 jury at length, emphasizing that Hibernia had not settled with the plaintiffs and that the plaintiffs had not received any money from Hibernia.
At the conclusion of the trial, the jury found, as per its answers to interrogatories, that Hibernia was not guilty of any negligence that was a proximate cause of plaintiffs’ injuries, but that Broadmoor was guilty of such negligence. In addition, the jury awarded the following damages: $5,980.00 to Floyd Vicknair for medical expenses incurred by his wife and son; $5,000.00 to Beverly Vicknair for her physical and mental pain and suffering; and $50,000.00 to Floyd Vicknair as administrator of his minor son for the past, present and future pain and suffering of Eric. Accordingly, judgment was entered in favor of the plaintiffs and against Broadmoor in the aforementioned amounts, and Hibernia was dismissed from the suit.
Broadmoor has appealed and the plaintiffs have filed an answer to the appeal. The plaintiffs have not, however, separately appealed the portion of the judgment dismissing Hibernia from the suit. Hibernia has neither appealed nor intervened on appeal.
With its appeal, Broadmoor has filed an exception of prescription, which it urges for the first time in this court, as is permissible under Louisiana Code of Civil Procedure article 2163. The basis for this exception is that because the jury found Hibernia free of negligence, Hibernia cannot be a joint tortfeasor with Broadmoor, and therefore the filing of suit against Hibernia did not interrupt prescription as to Broadm-oor. Broadmoor further argues that since the plaintiffs did not file suit against it until more than two years after the fire alarm incident, the case had prescribed before suit was filed. Before we can consider the merits of this ease, we must deal with the prescription issue.
PRESCRIPTION
According to Louisiana Civil Code article 2097, a suit brought against one debtor in solido interrupts prescription as to all. Because joint tortfeasors are soli-dary debtors, the filing of suit against one party who is a joint tortfeasor will interrupt prescription as to all other joint tort-feasors. In this case, the plaintiffs sued Hibernia within the one year prescription period, but did not sue Broadmoor until more than two years later. Therefore, on the face of the record, Broadmoor’s exception of prescription should be sustained if this court finds that Hibernia was not a joint tortfeasor with Broadmoor.
A proper consideration of this question would require two separate inquiries: first, a review of the record in this case to determine whether the jury’s verdict absolving Hibernia of negligence was manifestly erroneous; and secondly, an examination of the relevant law to determine whether, under the facts of this case, Hibernia would be considered a joint tort-feasor under some theory other than negligence. However, in making either of these inquiries, we confront a basic problem: Hibernia is not a party to this appeal. We believe it would be improper for this court to consider or decide upon the liability of a party which is not before us on appeal.
Although the plaintiffs have not appealed the judgment in favor of Hibernia, they have, in their answer to Broadmoor’s appeal, complained of the judgment in favor of Hibernia and prayed that this court hold Hibernia to be a joint tortfeasor with Broadmoor. The plaintiffs contend that this answer is sufficient to raise all issues relating to the viability of the judgment against Broadmoor, including whether Hibernia is a joint tortfeasor. They further contend that this court can determine the “status”, as opposed to the liability, of a non-party to the appeal. We disagree with the plaintiffs’ argument. Code of Civil Procedure Article 2133 provides that “[t]he answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.” According to this article and the jurisprudence interpret *688 ing it, in multiple-party cases an answer serves to appeal only those portions of the judgment in favor of the appellant; the plaintiff cannot, by means of his answer, refute any portion of the judgment rendered in favor of a non-appealing defendant. Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406, 411 (La.1976); American Ins. Co. v. Holland, 401 So.2d 421, 422 (La.App. 1st Cir.1981); Boxill v. Metrailer, 358 So.2d 986, 987 (La.App. 1st Cir.1978); Smith v. Girley, 242 So.2d 32, 36 (La.App. 1st Cir.1970); Barrios v. Noto, 215 So.2d 676, 684 (La.App. 4th Cir.1968).
In American Ins. Co. v. Holland, supra, the Court of Appeal held that it was without jurisdiction over a particular defendant where a co-defendant had appealed and the plaintiff had answered the appeal with respect to both defendants, but had failed to appeal separately the judgment in favor of the non-party defendant. The instant situation is synonymous with Holland. Under the circumstances, we do not believe that this court has jurisdiction to review the jury’s decision with regard to Hibernia. Plaintiffs argument that we would merely be deciding the “status” of Hibernia, as opposed to its liability, is unpersuasive. If this court were to find that Hibernia was a joint tortfeasor with Broadmoor (on which question we express no opinion), we would be assigning liability to a party which holds a definitive judgment finding it not liable. We could not so affect Hibernia’s rights without it being a party to this appeal. Regardless of the eventual outcome of our decision on the joint-tortfeasor issue, the fact that we would not be free to decide the question in this manner merely underscores our belief that we do not have jurisdiction over Hibernia. In this respect, the indemnity agreement between Broadmoor and Hibernia is 'irrelevant, as such an agreement cannot alter the jurisdiction of this court.
Under the circumstances, the only equitable course of action is to remand this case to the lower court for trial of the prescription issue. A court of appeal is empowered to render any judgment that it feels is just, legal and equitable. LSA-C.C.P. art. 2164. Furthermore, the Code of Civil Procedure provides that when an exception of prescription is pleaded for the first time in the appellate court, the plaintiff may demand that the case be remanded to the trial court for trial of the exception. Id. art. 2163. Although the plaintiffs here have not so demanded, we think remand is proper in this case.
In A Second Mortgage Co. of Baton Rouge, Inc. v. Gatlin, 233 So.2d 583 (La.App. 1st Cir.1970), Judge Blanche, speaking for the court, remanded a case dealing with a promissory note wherein the defendant had pled prescription in the appellate court for the first time, even though prescription was established on the face of the record and even though plaintiff had not requested a remand. Stressing that LSA-C.C.P. art. 2164 has long been interpreted as empowering appellate courts to remand whenever the interests of justice so dictate, the court concluded:
We feel that under the circumstances plaintiff should be given an opportunity to show that the prescription appearing on the face of the record before us did not accrue or was interrupted in a manner provided by law, and we will therefore remand this case to the trial court for a trial of this exception, even though plaintiff made no such request for remand.
Id. at 586.
The Gatlin decision illustrates a further reason, besides the absence of Hibernia from the appeal, for remanding this case. Although it appears from the face of the record that prescription would be established if we were to decide that Hibernia was not a joint tortfeasor, the parties did not have an opportunity at the trial to present factual evidence on either the issue of prescription or the joint-tortfeasor issue. As to prescription, the plaintiffs should be given a chance to show, if they are able, that prescription was interrupted in some legal manner. With regard to the joint-tortfeasor issue, the jury considered Hibernia’s liability under the theory of negli *689 gence only; the parties had no opportunity to present evidence relating to Hibernia’s potential liability under other possible theories, such as vicarious liability, that might make Hibernia and Broadmoor joint tort-feasors. For these reasons, the prescription issue requires a trial on the merits.
In conclusion, this case must be remanded not only to remedy the problem created by Hibernia not being before this court, but also to allow the plaintiffs to introduce any evidence they might have to refute the plea of prescription. Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for proceedings consistent with this opinion. Costs to await the final disposition of this Court.
REVERSED AND REMANDED.